James L. Calcote, Plaintiff in Error, *v.* Frederick Stanton and Henry S. Buckner.

This court has no jurisdiction, under the 25th section of the judiciary act, of a case like the following, namely:—

Where an assignee of some creditors of a person who had taken the benefit of the bankrupt act of the United States, filed a bill against the bankrupt to set aside the discharge as void upon the ground of fraud. The defendant demurred to the bill upon the ground of staleness, want of equity, and the statute of limitations.

It does not follow that the supreme court of the State, in dismissing the bill, placed any construction whatever upon the bankrupt act; and moreover, if they did, the decision must have been in favor of the privilege set up by the bankrupt and not against it.

This case was brought up from the high court of errors and appeals of the State of Mississippi, by a writ of error issued under the 25th section of the judiciary act.

*Mr. Benjamin* moved to dismiss it for want of jurisdiction,

none of the cases provided for in the 25th section being applicable here. He then examined the provisions of the section, and contended that the construction placed by the court of appeals of Mississippi upon the fourth and fifth sections of the bankrupt act was not such as to give this court jurisdiction to review its decision. Besides, that court considered the claim to be barred by the statute of limitations.

The motion was opposed by *Mr. Day* and *Mr. Johnson*, who entered into an elaborate review of the judgment of the Mississippi Court with a view of showing that, by necessary inference, that court must have decided against the right and title set up under the bankrupt act, because there was no other sufficient ground upon which to rest their judgment.

Mr. Justice GRIER delivered the opinion of the court.

This case comes before us on a motion to dismiss for want of jurisdiction. It is a writ of error to the high court of errors and appeals of the State of Mississippi.

The plaintiff in error, who was complainant in a bill in equity before the chancellor of that State, claims jurisdiction for this court to review the judgment of the court of appeals, under the 25th section of the judiciary act, because the title to his demand comes through a bankrupt assignee, and therefore from an authority exercised under an act of congress, and because the judgment of the state court was against his claim. He contends that his case is within the third clause of this section, which authorizes this court to review the decision of a state court " where is drawn in question the construction of any clause of the constitution, or of a treaty or statute, or commission held under the United States, and the decision is against the title, right, privilege or exemption specially set up or claimed, &c."

It is not enough to give jurisdiction to this court, under this clause, that the decision of the state court was against a party claiming title under some statute of, or commission held under, the United States. The origin of the title may be but an accident of the controversy, and not the subject or substance of it. The suit must have drawn in question the construction of such statute or commission, and the judgment of the state court must have been adverse to the claim set up under them. " The record also must show, if not *ipsissimis verbis*, at least, by clear and necessary intendment, that such question of ' construction ' was raised, and must have been decided in order to induce the judgment. It is not enough to show that the question might have arisen, and been applicable to the case, unless it is further shown on the record that it did arise, and was applied by the state

court to the case." The cases which establish these principles are too numerous for quotation.

The record before us presents no evidence that .such a question did arise, or could have been decided.

The bill shows that, twelve years after the defendants were discharged under the bankrupt act, the complainant got an assignment of certain claims against them from creditors who had received their dividends of the bankrupt's assets, without questioning the legality of their discharge; that being thus possessed, he set about "to ferret out the frauds, devices, combinations, priorities, preferences, &c., &c., practised, done, and given by the defendants;" and that he had discovered numerous instances of preferences given by the defendants to indorsers and other favored creditors previous to their bankruptcy, in consequence of which it was alleged that their certificate of discharge was void. The balances claimed under these assignments, with interest, would amount to near a million of dollars. . The averment of the bill, that the assignments to the complainant were for "value received," would be satisfied by the consideration of a dollar or less. The respondents demurred to the bill, and set forth numerous causes of demurrer; the chief of which were a want of equity in the bill, and the bar of the statute of limitations, or the staleness of the demand. But in no one of them is any objection interposed which called for a construction of the bankrupt act, where the complainant claimed any title or exemption under it. The only "privilege or exemption" which could have been "drawn in question" under the act were those of the defendant, the validity of whose discharge under it was impugned. But as the decision was in their favor, the case is not brought within our jurisdiction. See Strader v. Baldwin, 9 How. 261. .

The whole argument for plaintiff in error was expended in endeavoring to prove that the bill ought not to have been dismissed for want of equity or staleness; and, assuming this to be so, it was contended that the court could not have done so for these reasons, and consequently their decision must have been the result of some misconstruction of the bankrupt law as to the rights claimed by the complainant under it. But, as we have already shown, if the plaintiffs could successfully establish both their .premises and conclusion it would not avail to give us jurisdiction. And we may add, moreover, that we see no reason, from any thing that appears on this record, why the state court might not have dismissed the bill as devoid of equity, and as exhibiting a claim which, if not champertous, is on its face a litigious speculation in stale, abandoned, and, as to much the larger portion, wholly unfounded demands.

The writ of error is therefore dismissed for want of jurisdiction.