### SORENSON v. BALABAN.

(Supreme Court, Appellate Division, Second Department.   December 22, 1896.)

1. DEATH BY WRONGFUL ACT—CAPACITY TO SUE.
    A mother, in her own right, cannot recover damages for the death of an infant unmarried daughter.
2. SAME—LOSS OF SERVICES.
    A mother may, in her own right, recover for care and attendance, and for loss of services, during the last illness, of a child whose death is caused by defendant's negligence.
8. SLANDER OF THE DEAD—RIGHT OF ACTION.
    The maligning of the memory of a deceased child is not a cause of action for damages in favor of the parents, where it does not affect their reputation.

Appeal from trial term, Queens county.

Action by Ida C. Sorenson against Siegbert Balaban for malpractice and for the maligning of the memory of plaintiff's deceased daughter. From a judgment entered on a verdict in favor of plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Stephen C. Baldwin, for appellant.
Herbert Kettell, for respondent.

CULLEN, J. The plaintiff was the mother of one Clara O. Nelson, now deceased. The deceased was an infant, unmarried, in the service of her mother, her father being dead. The defendant is a physician, and attended said Clara in her last illness. The action is brought on substantially two causes of action. The first charges the defendant with malpractice in his attendance on the patient, by reason of which said Clara died. The second cause of action charges that, after the death of Clara O. Nelson, the defendant maligned her memory by repeating to the plaintiff and to divers other persons a false, untrue, and malicious charge that the said Clara had been pregnant, and had had a miscarriage. The plaintiff recovered a verdict for $5,000.

It clearly was the rule at common law that no civil action would lie for causing the death of a human being. Cooley, Torts, p. 262. While a husband or parent might maintain an action for a wrong causing loss of services from a wife or child, if the injury resulted in death, this could not, at the common law, be taken into account, either as a ground of action or as an aggravation of damages, and the plaintiff's recovery would be limited to loss of service intermediate the injury and the death. Id., p. 226. The exact question was determined by the court of appeals in Green v. Railroad Co., 2 Abb. Dec. 277. Since the time of that decision I cannot find that there has ever been in this state a contention for the contrary rule. Of course, for many years, the statute has prescribed a remedy for such wrongs. An action for a wrongful act causing the death of any person may be maintained by the executor or administrator of such person for the benefit of his next of kin. Code, § 1902. The plaintiff, however, has not brought this action in such capacity. But, though the trial court erred in assuming that the plaintiff could maintain an action for the death of her daughter, still there was enough in the complaint and in the evidence to show that the daughter was sick for some few days prior to her decease. For loss of services during this period, and the expense of care and attendance during the like time, the plaintiff was entitled to recover. Therefore the defendant's motion to dismiss the complaint as to this cause of action was properly denied.

When the cause was submitted to the jury the court charged that the plaintiff could recover for loss of the services of her daughter from her daughter's death to the time she would have arrived at the age of 21 years. The defendant asked the court to charge that the plaintiff could not recover damages for the death of the deceased. The

court charged this, "except so far as the plaintiff had lost the daughter's personal services." This qualification was error. The plaintiff could not recover any damages caused by the daughter's death. She could recover, as already stated, for loss of service during the period the daughter was ill; but such damages were damages not resulting from the death, but from the malpractice. I can find no exception to the failure of the court to charge as requested. As the appeal before us is not only from the judgment but also from the order denying defendant's motion for a new trial, it is within our discretion to take notice of the error, though without exception.

This brings us to the question whether the second cause of action stated in the complaint is a good cause of action which the plaintiff can maintain. The action is for damages suffered by a living person from maligning the memory of a deceased relative. No authority for the maintenance of such an action is to be found. As stated by the counsel for the respondent, the lack of precedent is not necessarily conclusive that such an action cannot be sustained, but certainly it militates strongly against the proposition. I think, too, that an analysis of the character of an action for slander will show that, on principle, no such action as the present one can be supported. Mr. Cooley says, of slander and libel (Cooley, Torts, p. 193):

"In a legal sense, there is no wrong until the defamatory charge or representation is given to the world. This is done when it is put before one or more third persons. It is then said to be published. To say to a man's face any evil thing concerning him is no defamation; for, though it may be annoying, aggravating, and possibly injurious, to him, in its effect upon his mind and indirectly upon his business, still there is, as yet, no publication, and consequently nothing to affect the party's reputation. The reputation is not assailed, and cannot, presumably, be injured, when the false charge is made to the party himself. If the party who is thus falsely accused repeats it to others, by way of complaint or otherwise, it may then become public; but it is still no slander, because the publication is not made by the defamer."

It will be thus seen that the action of slander is not to redress or punish the indignity or outrage on one's feelings when he is falsely charged with an offense, but to redress his reputation or character with others.

So, in Wilson v. Goit, 17 N. Y. 442, it was said:

"We were of opinion that the law gave this action only for an injury to the plaintiff's reputation, and that the pecuniary loss which is required to be shown, where the words are not actionable per se, must be the effect of the injurious imputation upon other persons than the party bringing the action. The bodily disability of the party thus slandered, through the effect of the slander upon his mind, was not, as we thought, the natural and legal consequence of such an injury. * * * But an action for slander, which is allowed solely for the vindication of an injured reputation, would plainly be perverted, if used as a means of punishment, where the slanderous words were not actionable in themselves, and were not credited by any individual, and where the plaintiff's character has not suffered in the slightest degree."

So far, therefore, as a false aspersion on her daughter's memory, made to the plaintiff, was an insult and an outrage upon the mother's feelings, it could no more give the plaintiff a right of action than if the defendant had aspersed to the plaintiff her own character. It would seem plain that the imputation on the character of the daugh-

ter did not necessarily or naturally affect the reputation or character of the plaintiff. And, as it is only injury to reputation which gives a right of action, it is apparent that the present action in this respect cannot be maintained.

Nor are we wholly wanting in authority on this subject. It is asserted in Newell on Defamation (page 369):

"The fact that an infant has been defamed gives his parents no right of action, unless in some very exceptional case it deprives his parents of services which the infant formerly rendered, in which case an action on the case may lie for the special damage thus wrongfully inflicted, provided it be a natural and probable consequence of the defendant's words."

To the same effect, see Odgers, Sland. & L. p. 406. Of course, there could be no loss of services here, because the infant was already deceased.

The only redress for slander is a civil action. A libel, however, both at common law and under our statute, is a crime; and for it the offender may be prosecuted civilly or criminally. Also, both at common law and by the Penal Code (section 243), a libel upon the memory of the dead is punishable as a crime. Speaking of this rule, Mr. Odgers says:

"The criminal remedy for libel, as it is the earlier, so it is the more extensive, remedy. A libel may be indictable though it be not actionable. Thus, in neither of the above cases [a libel upon a deceased person] would an action lie for the want of a proper plaintiff."

The objection that there could not be a proper plaintiff in a civil action for a libel on a deceased person would seem equally applicable to an action for slander. We are therefore of the opinion that such an action will not lie. The question is properly raised by the record. The defendant's counsel asked the court to charge that the plaintiff could not recover for maligning the memory of the deceased. This the court refused, and to such refusal the defendant excepted.

The judgment and order appealed from should be reversed, and a new trial granted, costs to abide the event. All concur.