MARY BRADT, Appellant, v. THE NEW NONPAREIL COMPANY.

108  449<br>122  541

**Libel of the Dead:** RIGHT OF ACTION BY MOTHER. Code, section 5086, making the publication of libel concerning a deceased person, which tends to scandalize the surviving relatives of the deceased, punishable criminally, does not make the publisher of a libel concerning an adult deceased person civilly liable to the mother of the deceased for shame, humiliation, and mental anguish suffered by her on account thereof.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

. WEDNESDAY, MAY 17, 1899.

ACTION for libel. The trial court sustained a demurrer to the petition, and plaintiff appeals.—*Affirmed.*

*J. B. Sweet* for appellant.

*Frank H. Gaines* and *Mayne & Hazelton* for appellee.

DEEMER, J.—The only question presented by this appeal is this: May a mother recover damages for a libel published of and concerning an adult son, published after his decease? The damages sought to be recovered in this action are for humiliation, shame, and mental anguish of the mother, caused by an alleged libelous publication concerning her deceased son, George Bradt. The publication, that is set forth in the petition, is undoubtedly libelous *per se.* But the pivotal question is, may plaintiff recover damages therefor? Section 5086 of the Code makes it a crime to maliciously blacken or vilify the memory of one who is dead by a libelous publica-

tion tending to scandalize or provoke his surviving relatives or friends; and there is no doubt that for the publication set out in plaintiff's petition defendant was subject to a criminal prosecution, provided the article was published without sufficient justification. But is it liable civilly to the mother of the deceased? She did not sue in a representative capacity, and, if she had, she could not recover, for it is manifest no injury was done to the estate of her deceased son. It seems that contemptous demeanor towards a corpse was, by the Roman law, an insult to the heir of the deceased, and that action could lie therefor. Dig. 47, 10, 11. The rule that an heir may recover for a libel of one deceased does not seem to have gained a foothold in this country, and we know of no principle that will sustain such an action. There was nothing in the article that tended in any manner to reflect on the plaintiff, and her sufferings were the same in kind as the publication produced on any of the other relatives or close friends of deceased. To permit recovery in this case would allow the mother of any person libeled to bring suit in her own name for the consequential damages done to her feelings, and the death of the person libeled would be a wholly irrelevant matter; for the suffering is in kind the same whether the person libeled be living or dead. We have not been cited to an authority, and after diligent search, have been unable to find one, which authorizes a recovery in such a case. On the other hand, the following cases hold such an action will not lie. *Sorenson v. Balaban* (Sup.) 42 N. Y. Supp. 654 (4 Am. Cases N. Y. 7); *Wellman v. Publishing Co.,* 66 Hun, 331 (21 N. Y. Supp. 577). The trial court correctly sustained the demurrer, and its judgment is AFFIRMED.