[Civ. No. 3749. Second Appellate District, Division One.—October 29, 1921.]

## J. H. SAUCER et al., Appellants, v. JOSEPH L. GIROUX, Respondent.

[1] LIBEL—DEFAMATORY PUBLICATION CONCERNING DEAD—RECOVERY OF DAMAGES BY RELATIVE.—While the publication of malicious defamatory statements tending to blacken the memory of one who is dead is made a crime, punishable as provided in section 249 of the Penal Code, it gives rise to no cause of action in favor of a relative of such deceased for the recovery of damages.

[2] ID. — PLEADING — APPLICATION OF STATEMENTS TO PLAINTIFF. — While section 640 of the Code of Civil Procedure provides that in an action for libel it is not necessary to state in the complaint any extrinsic facts for the purpose of showing application to the plaintiff of the defamatory matter out of which the cause of action arose, such complaint must contain an allegation to the effect that the libelous statements were published concerning the plaintiff.

[3] ID.—LIBELOUS STATEMENTS ABOUT DEAD—MENTAL SUFFERING OF RELATIVE—DAMAGES.—The publication of false and libelous statements about one who is dead does not give rise to a cause of action in favor of a relative, even though the latter is thereby caused grievous mental suffering.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Affirmed.

1. Legal responsibility, civil or criminal, for defamation of deceased person, notes, Ann. Cas. 1917E, 234; L. R. A. 1917C, 615.

The facts are stated in the opinion of the court.

Earl Newmire for Appellants.

Joseph Scott for Respondent.

SHAW, J.—Plaintiffs appeal from a judgment in favor of defendant, entered upon an order of court sustaining a general demurrer to the complaint.

The action is based upon the alleged act of defendant in causing to be published in a newspaper false and libelous statements that the deceased adult brother of plaintiff Virginia Saucer was an illegitimate son of her deceased mother, which false statements, it is alleged, have caused plaintiff grievous mental and physical suffering, for which she asked judgment for five hundred thousand dollars.

The demurrer was properly sustained. [1] While the publication of malicious defamatory statements "tending to blacken the memory of one who is dead" is made a crime (sec. 248, Pen. Code), punishable as provided in section 249 of the Penal Code, it gives rise to no cause of action in favor of a relative of such deceased for the recovery of damages. [2] While section 460 of the Code of Civil Procedure provides that in an action for libel it is not necessary to state in the complaint any extrinsic facts for the purpose of showing application to the plaintiff of the defamatory matter out of which the cause of action arose, it must contain an allegation to the effect that the libelous statements were published *concerning the plaintiff.* [3] Not only is there an absence from the complaint of such allegation so required by this section, but it is manifest that such fact could not be alleged. The charge concerning the deceased mother and brother of Virginia Saucer could have no reference to the latter. There was nothing in the article published which tended in any manner to reflect on the plaintiffs, or either of them, and the alleged grievous mental sufferings of Virginia Saucer were of the same kind as that produced by the publication upon any of the other relatives of the deceased. Hence, if a cause of action exists in her favor, then manifestly any relative, or even friend, of the deceased who had likewise suffered might maintain a cause of action for damages. In his brief, counsel for appellants admits his inability to find any authority sustaining

his contention, while concededly many authorities exist to the contrary, among which see *Bradt* v. *New Nonpareil Co.,* 108 Iowa, 449 [45 L. R. A. 681, 79 N. W. 122]; *Sorenson* v. *Balaban,* 11 App. Div. 164 [42 N. Y. Supp. 654]; *Wellman* v. *Sun Printing etc. Assn.,* 66 Hun, 331 [21 N. Y. Supp. 577]; *Skrocki* v. *Stahl,* 14 Cal. App. 1 [110 Pac. 957].

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.