## CATCHINGS v. HARTMAN.

(Division B. May 24, 1937.)

[174 So. 553. No. 32762.]

Williams & Hunt, of McComb, and Green, Green & Jackson, of Jackson, for appellant.

**Hugh V. Wall,** of Brookhaven, for appellee.

678

**Griffith, J.,** delivered the opinion of the court.

Appellant's decedent brought an action of slander against appellee, but before the cause could be brought to trial the plaintiff died. Appellant, as administratrix of the estate of the plaintiff, sought to prosecute the cause under section 1714, Code 1930, which provides as follows: "When either of the parties to any personal action shall die before final judgment, the executor or administrator of such deceased party may prosecute or defend such action, and the court shall render judgment for or against the executor or administrator."

It is conceded, as it must be, that at common law

causes of action for slander or libel do not survive the death of either the wrongdoer or the person injured, wherefore, if there be any such survival, it must be by force of a sufficient statute. The question, therefore, is whether an action of slander is within the term "personal action" as used in the above-quoted statute. In McNeely v. City of Natchez, 148 Miss. 268, 274, 114 So. 484, 487, it was held that this statute, being in derogation of the common law, must be strictly construed, and that the term "personal action" must be interpreted according to its strictly technical meaning; and the court thereupon, so interpreting the meaning, held that a personal action, under the said statute, is one "brought for the recovery of personal property, for the enforcement of some contract or to recover damages for its breach, or for the recovery of damages for the commission of an injury to the person or property."

Soon after the rendition of the opinion in that case, the Legislature revised all the general statutes of the state and adopted the Code of 1930. In the accomplishment of this revision a code commission had been previously appointed, by whom a dummy code, so called, was prepared, printed, and furnished to every member of the Legislature prior to the convening of the session. In this dummy code each section was annotated, so as to furnish the members of the Legislature in the work of revision, as well as to all others after the final adoption of the Code, definite citations to the decisions of this court which had theretofore construed the respective sections, giving also in a brief manner the gist of the several decisions. In the annotations to the section above quoted, the decision of this court in the McNeely Case and what it had held in regard to the interpretation of the term "personal action" was brought directly to the attention of the Legislature. The section was re-enacted by the Legislature without change, from which it follows that the said interpretation has now become

a part of the statute itself, and may not be changed or modified except by the Legislature.

It only remains to be added that the action of slander is not a personal action within the strict interpretation which the statute must now receive, and that the trial court was correct in dismissing the case.

Affirmed.