## TURNER et al. v. CRIME DETECTIVE et al.

### No. 335.

District Court, N. D. Oklahoma.

Aug. 1, 1940.

George W. Reed, Jr., of Tulsa, Okl., for plaintiffs.

C. H. Rosenstein, of Tulsa, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

This action was instituted by the surviving relatives of Leonard Turner, deceased, for the recovery of damages for an alleged libel published and circulated by the defendants, concerning the deceased, but after his death. The only defendant upon whom process has been served has interposed its motion to dismiss.

The only question presented is whether one who falsely, and without a privilege so to do, publishes libelous matter of a deceased person, is liable to the estate of said person or to his relatives.

At common law, a cause of action for libel did not survive the deceased, and neither was there liability to the estate of said person nor to his relatives. See Restatement of the Law of Torts, Vol. 3, Sec. 560; Corpus Juris vol. 37, Sec. 295; Skrocki v. Stahl, 14 Cal.App. 1, 110 P. 957; Bradt v. New Nonpareil Co., 108 Iowa 449, 79 N.W. 122, 45 L.R.A. 681.

Unless an Oklahoma Statute provides for liability in such a case, there can be no action for the recovery of damages for libeling a deceased person.

Several provisions are contained in the Oklahoma Statutes concerning libel. A consideration of the various provisions is necessary to determine the questions presented. At the outset, Sec. 1052 Title 12, Okl.St.Ann. provides as follows: "No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of the defendant."

The above provision was considered by the Oklahoma Supreme Court in Alles v. Interstate Power Co., 176 Okl. 252, 253, 55 P.2d 751, in which it was held that a motion to dismiss was properly sustained when the plaintiff dies, even while an appeal was pending to the Supreme Court taken by the

plaintiff below after a demurrer was sustained and the cause dismissed. The facts involved in the cited case differ from those here presented, in that the action had been started during the life time of the deceased, while here the alleged libel was committed after the death of the deceased.

Sec. 1444, Title 12, Okl.St.Ann., is as follows: "In all civil actions to recover damages for libel or slander, it shall be sufficient to state generally what the defamatory matter was, and that it was published or spoken of the plaintiff, and to allege any general or special damage caused thereby, and the plaintiff to recover shall only be held to prove that the matter was published or spoken by the defendant concerning the plaintiff. As a defense thereto the defendant may deny and offer evidence to disprove the charges made, or he may prove that the matter charged as defamatory was true, and in addition thereto, that it was published or spoken under such circumstances as to render it a privileged communication."

The above provision refers to the defamatory matter being published or spoken of the plaintiff, and provides for a recovery by the plaintiff. No mention is made of relatives or an estate. No reason is advanced for a loose construction of the above Statute; consequently, such Statute was strictly construed, and as so construed provides for a recovery by a plaintiff who has been defamed.

Two statutory provisions tend to establish the right of relatives to recover damages for defaming or scandalizing a deceased. They are Section 1441, Title 12, Okl.St.Ann., and Section 778, Title 21, Okl.St.Ann.

Sec. 1441, Title 12, is as follows: "Libel is a false or malicious unprivileged publication by writing, printing, picture, or effigy or other fixed representation to the eye, which exposes any person to public hatred, contempt, ridicule or obloquy, or which tends to deprive him of public confidence, or to injure him in his occupation, or any malicious publication as aforesaid, designed to blacken or vilify the memory of one who is dead, and tending to scandalize his surviving relatives or friends."

The above Section cannot be construed as creating a cause of action, but is merely a definition of libel. In the Statute, the heading is "Libel defined." The definition is more extensive than liability imposed civilly, because it extends not only to the living, but to the blackening or vilifying of the memory of one who is dead, and tending to scandalize his surviving relatives or friends. If the above provision indicates a legislative intent to create a cause of action, such intent must be construed from the statute as no liability is expressly created thereby. As opposed to this, there is an express statutory provision to the effect that a cause of action for liability is abated by death. See Sec. 1052, Title 12, Okl.St.Ann. supra.

The other statutory provision indicating a legislative intent to create liability contrary to the common law is Sec. 778, Title 21, Okl.St.Ann. It is as follows: "Any person who threatens to publish a libel concerning any other person, or concerning any relative, wife or child or dead relative of such person, or member of his family, shall be liable civilly and criminally to have the same intent as though the publication had been made. But if the thought [threat] be not in writing, the threat and character of the libellous matter must be proven by at least two witnesses, or by one witness and corroborating circumstances."

The above statutory provision constitutes a part of the Criminal Code of Oklahoma, and deals with a threatened libel. Plaintiffs contend that if libel exists by reason of a threatened libel, it necessarily follows that liability attaches if the threat is executed and in fact a libel is committed. If the above Statute is to be given the meaning and effect urged by plaintiffs, then their argument with respect to it is sound. However, the Statute does not create a cause of action for a threat, but provides that the person who threatens to publish a libel shall be liable civilly and criminally to have the same intent as though the publication had been made. The Statute deals with intent, rather than with the granting of a cause of action. It, therefore, follows that the Statutes of Oklahoma make express provision for abatement of a cause of action for libel, by death. At common law, no recovery was possible by relatives or the estate of a deceased who had been libelled, and Oklahoma is without any Statute expressly creating a right of recovery or changing common law with respect thereto.

The motion to dismiss is sustained.