**Cassius L. PEACOCK, Jr., Plaintiff-Appellant,**

v.

**RETAIL CREDIT COMPANY, Defendant-Appellee.**

**No. 28646.**

United States Court of Apeals, Fifth Circuit.

July 2, 1970.

Rehearing Denied Aug. 3, 1970.

C. James Jessee, Jr., Atlanta, Ga., Shoob, McLain & Jessee, Atlanta, Ga., for plaintiff-appellant.

Hugh M. Dorsey, Jr., W. Rhett Tanner, Atlanta, Ga., for defendant-appellee, Hansell, Post, Brandon & Dorsey, Atlanta, Ga., of counsel.

Before TUTTLE, DYER and CLARK, Circuit Judges.

PER CURIAM:

This is a diversity action for libel and invasion of privacy against Retail Credit Company for allegedly publishing false

and defamatory statements in credit reports furnished to insurance companies and banks. The District Court entered summary judgment for defendant Retail Credit Company, holding that the Georgia one year statute of limitations, Ga.Code § 3–1004, barred the libel action and that no claim was shown for invasion of privacy because plaintiff failed to show any physical trespass or "public" disclosure of private facts. We affirm.

The District Judge thoroughly analyzed and answered all the contentions raised by plaintiff and we affirm on the basis of his opinion.[1] We add only the following:

Contrary to plaintiff's argument on appeal, the state where the publication of the alleged defamation occurred is immaterial. Since Georgia is the forum state Georgia law governs with respect to the statute of limitations. Baron Tube Company v. Transport Insurance Company, 5 Cir. 1966, 365 F.2d 858, 860 and cases there cited.

In holding that there was no "public" disclosure, the District Judge decided a close question of state substantive law for which there was no authority squarely on point. Unlike Petersen v. Klos, 5 Cir. 1970, 426 F.2d 199, the District Judge in this case carefully explained his reasoning. His judgment of where the dimly lit *Erie* path leads is as good as ours would be. We therefore give great weight to the determination of state law by the Trial Judge sitting in the state and familiar with local law and its trends. C. H. Leavell & Co. v. Bd. of Comm., Port of New Orleans 3, 5 Cir. 1970, 424 F.2d 764. *See, e. g.*, Delduca v. United States Fidelity & Guaranty Company, 5 Cir. 1966, 357 F.2d 204, n. 1, reh. denied, 362 F.2d 1012, and cases cited.

There was no abuse of discretion in denying further discovery.

Affirmed.

1. The District Court opinion is published at 302 F.Supp. 418 (N.D.Ga., 1969).