**W. R. WILSON, Plaintiff,**

v.

**RETAIL CREDIT COMPANY, Defendant.**

**Civ. A. No. 3847.**

United States District Court,
S. D. Mississippi, S. D.

March 11, 1971.

W. Roberts Wilson, Jr., Pascagoula, Miss., for plaintiff.

Webb M. Mize, Mize, Thompson & Mize, Gulfport, Miss., for defendant.

## MEMORANDUM OPINION

NIXON, District Judge.

The defendant herein, a Georgia corporation engaged in the business of providing confidential insurance, employment, and credit reports to customers on a nationwide basis, has moved the Court for a Summary Judgment in this libel suit brought against it by the plaintiff, W. R. Wilson, a resident of Pascagoula, Mississippi.

Originally, both the plaintiff herein and his wife, Mary E. Wilson, filed separate suits in the Circuit Court of Harrison County, Mississippi, on November 7, 1969, and these cases were thereafter removed to Federal Court on November 25, 1969. The cause of action in each case was based upon a confidential credit report on plaintiff's wife made by Retail Credit Company on or about September 13, 1963. The report stated, among other things, that:

"Your subject is regarded locally with mixed acceptance, 1 source states that she is peculiar, another states that she is scatterbrained, while some have no criticisms. * * * Others are more severe in their criticisms, regarding her as neurotic or psychotic. Informants state that she can choose these moods as she chooses, depending on her evaluation of the person with whom she is talking * * *"

The initial Declaration of the plaintiff was phrased in the identical language of the Declaration filed by his wife, and thus incorrectly stated that plaintiff had been referred to as neurotic and psychotic in the subject credit report. Plaintiff was thereafter permitted to amend his Declaration by order of this Court dated September 22, 1970 to the effect that the damage to him resulted from the defendant's report that his wife was regarded by some as neurotic and psychotic, in addition to allegedly erroneous information contained in his wife's report concerning his own financial condition.[1] Plaintiff also alleged he was libeled by a credit report on him made by the defendant on May 5, 1964.[2] Furthermore, in his Amended Declaration the plaintiff alleged a cause of action based upon an invasion of his right of privacy and denial of property rights in violation of the Fifth and Fourteenth Amendment.

Based on the pleadings and affidavits filed pursuant thereto, the Court granted a Summary Judgment against the plaintiff's wife, Mary E. Wilson, on April 23, 1970.[3] The Court determined that there was no evidence in the record to dispute the defendant's contention that the report concerning her was made in good faith in the ordinary and every day course of business by the defendant and had the status of a qualified privilege. The Court further held that the claim was barred by the Mississippi Statute of Limitations applicable to an action for libel, and that there was no evidence in the record to show the existence of any fraud on the part of defendant which would toll the running of the Statute of Limitations. This Summary Judgment was affirmed by the United States Court of Appeals for the Fifth Circuit in a per curiam opinion which adopted the opinion of the District Judge appended thereto. Wilson v. Re-

---

1. Specifically, plaintiff alleges that he was libeled by the defendant's reporting a one year overdue bill for $100.00 without noting the debt was contested; by the statement that Mrs. Wilson was sending her children to school which allegedly denotes that the plaintiff was not; and by the erroneous statements that plaintiff had at one time gone broke in the farm implement business and that he had only a minimal net worth.

2. Plaintiff alleges this report contained substantially the same inaccurate information as the 1963 report and erroneously reported his net worth.

3. The decision in Mary Wilson v. Retail Credit Company, Civil Action No. 3846, was rendered by United States District Judge Harold Cox, Chief Judge, United States District Court for the Southern District of Mississippi.

tail Credit Company, Inc., 438 F.2d 1043 Summary Calendar (1971).

It is the contention of the plaintiff that on the basis of the Amended Declaration in the case sub judice, in addition to the affidavits and deposition subsequently filed herein, that he has "set forth specific facts showing that there is a genuine issue for trial" as required by Civil Rule 56(c), and therefore, the Motion for Summary Judgment should be denied. This Court is not so persuaded.

The initial query in this case, as distinguished from the case brought by plaintiff's wife, is whether the plaintiff can bring an action based upon the statement made concerning his wife to the effect that some people regard her as being neurotic or psychotic.

■ As a general rule, a third party has no action for damages suffered by reason of the defamation of another party. Similarly, the defamation of one family member does not normally give rise to a cause of action by another family member. 53 C.J.S. Libel and Slander § 11, p. 53, and § 145, p. 230, and cases cited thereunder.

In Wildstein v. New York Post Corporation, 40 Misc.2d 586, 243 N.Y.S.2d 386 (1963), affd. 24 A.D.2d 559, 261 N.Y.S. 2d 254 (1965), the Court, in holding that a husband had no cause of action for a libel of his wife, noted that, although necessarily, there will be persons such as husbands and other close relatives of a person libeled who will feel its impact, the libel is not actionable by them unless it can be shown that the libel in question was published of and concerning them. Likewise, in the case of Fowler v. Curtis Publishing Company et al., 78 F.Supp. 303 (D.C.1948), the Court held that the plaintiff, as owner and operator of a fleet of taxicabs, had no cause of action even though he may have been financially injured by the defendant's libel of his taxicab drivers, and that any detriment he sustained was damnun absque injuria.[4]

■ In the absence of any specific case directly controlling this point,[5] this Court is of the opinion that any cause of action based upon the report by the defendant that some people regarded the plaintiff's wife as neurotic or psychotic, is personal to Mrs. Wilson, and does not give rise to a cause of action by the plaintiff herein. Nevertheless, due to the uncertainty of Mississippi law in this particular area and the fact that the Amended Declaration alleges that the plaintiff was libeled by the erroneous information contained in this report and the May 1964 report concerning his financial condition, this Court does not base the granting of a Summary Judgment in the case on this point alone.

■■ It is generally established that reports of mercantile agencies which have been furnished in good faith to one having an interest in the information communicated, enjoy a qualified privilege. This communication loses its priv-

4. See Saucer v. Giroux, 54 Cal.App. 732, 202 P. 887 (1921); Gilbert Shoe Company, Inc. v. Rumpf Publishing Company, 112 F.Supp. 228 (D.Mass.1953); Feinstein v. Kaye, 185 Misc. 185, 57 N.Y.S.2d 54, affd. 269 App.Div. 1044, 59 N.Y.S.2d 277, app. den. 270 App.Div. 765, 59 N.Y.S.2d 628; but see Alfone v. Newark Umbrella Frame Company, 13 N.J.Super. 526, 80 A.2d 589 (1951).

5. In the case of Garraway v. Retail Credit Company, 244 Miss. 376, 141 So.2d 727 (1962), the Court noted that a husband's rights, if any, against a credit company and others based upon allegedly libelous publications of mercantile credit reports concerning him, were personal to him, and independent of those of his wife who had brought similar suits against the same defendants. This case is, however, factually distinguishable and concerns the applicability of collateral estoppel. See also Catchings v. Hartman, 178 Miss. 672, 174 So. 553 (1937) in which Judge Griffith, speaking for the Court, stated that common law causes of action for slander or libel do not survive the death of either the wrongdoer or the person injured. See also Manasco v. Walley, 216 Miss. 614, 63 So.2d 91 (1953); Natchez Times Publishing Co. v. Dunigan, 221 Miss. 320, 72 So.2d 681 (1954).

ileged character, however, when it is sent with malice. Retail Credit Company v. Garraway, 240 Miss. 230, 126 So. 2d 271 (1961); Garraway v. Retail Credit Company, 244 Miss. 376, 141 So. 2d 727 (1963); 30 A.L.R.2d 772, 777, Libel and Slander, Report of Mercantile Agencies' Privilege. Furthermore, it is immaterial whether the contents of a particular report are libelous per se or libelous per quod if the report enjoys this qualified privilege. Missouri Pacific Transportation Company v. Beard, 179 Miss. 764, 176 So. 156 (1937); Wilson v. Retail Credit Company, *supra.*

■ The Court has carefully and meticulously reviewed the record in this case, including the affidavits, depositions and other documents filed in support of and in opposition to the Motion for Summary Judgment, and is convinced that the September 13, 1963 report on the plaintiff's wife was made by the defendant in good faith in the ordinary course of business for confidential communication to a client having an interest in the information contained therein. There is nothing in the report or in the record before this Court to indicate any malice on the part of the defendant. In addition to those documents before the Court at the time Summary Judgment was granted against the plaintiff's wife [6] and the inter-office memoranda of the Retail Credit Company,[7] this Court has before it the depositions of W. R. Wilson, the plaintiff herein; Robert W. Biccum, staff vice-president of Retail Credit Company-Legal; and Charles Hammond, the defendant's employee who formulated the subject report.

The deposition of Hammond reveals that he has a Masters Degree in Education and Science and had been employed as an inspector by Retail Credit Company for approximately seven (7) years as of September, 1963. This deposition further reveals that Hammond bore no ill will or malice toward the plaintiff or his wife but simply reported in good faith the information given him by informants. Any adverse personal opinion he might have had concerning the plaintiff's wife would seem to have crystallized subsequent to September, 1963, and was brought about principally by Mrs. Wilson's persistent efforts to have the contents of her report altered. There is nothing in the record to indicate that the methods employed by Hammond in his investigation or the qualifications of the informants questioned were such as to constitute a wanton or reckless disregard for the truth or the rights of the plaintiff or his wife. Likewise, the inter-office memoranda do not reflect any bad faith or malice on the part of the employees of the defendant company, but merely demonstrate their understandable concern that the contents of a confidential report had been revealed to the person who was the subject thereof and their attempts to verify the information contained therein.

There is also a complete absence of evidence in the record to indicate any bad faith or malice on the part of the defendant with respect to the May 5, 1964 report concerning Mr. Wilson. Since this report is not before the Court, and a copy thereof is seemingly unavailable,[8] plaintiff's assertions as to its probable contents are certainly highly speculative. Assuming, however, that the report does contain basically the

---

6. See true copies of the materials filed in Civil Action No. 3846, filed herein on February 4, 1971.

7. Exhibit A, Affidavit of William G. Phillips, Hearings Before the Subcommittee on Anti-Trust and Monopoly of the Committee on the Judiciary of the United States Senate, S.Res. 233, Credit Bureaus and Reporting, December 10 and 11, 1968, pp. 201–212.

8. Undoubtedly such a report was formulated by the defendant for its customer Goodbody & Company, but was thereafter destroyed in due course by both parties. See deposition of R. W. Biccum; inter-office memorandum from T. E. Drone to Home Office Attn: R. W. Biccum, dated May 16, 1964; and affidavit of R. W. Biccum filed Feb. 2, 1971, with attachments thereto.

same information regarding the plaintiff as that supplied by the 1963 report on his wife, as substantiated by subsequent reports on the plaintiff denoting his financial worth, this Court is of the opinion that the record does not support a contention that this report was made in bad faith or with a reckless disregard for the truth.

It is the contention of the defendant that this libel action is barred by § 732, Miss.Code of 1942, Rec., which provides that all actions for libel must be commenced within one year after the action accrues, and not thereafter. It is the further contention of the defendant that any cause of action based upon an invasion of privacy, to be discussed hereinafter, is also barred by the Statute of Limitations, irrespective of whether the one year or six year statute [9] is applicable, because the report was made on September 13, 1963 and this suit was filed on November 7, 1969.

■ It is well settled in Mississippi that a cause of action begins to run from the time of the injury and not from the time of its discovery. Mc-Carlie v. Atkinson, 77 Miss. 594, 27 So. 641 (1900); Wilder v. St. Joseph's Hospital, 225 Miss. 42, 82 So.2d 651 (1955). It is thus clear that any cause of action based on this confidential credit report accrued upon its receipt by the defendant's customer, and not from the alleged time of discovery, December 10, 1968, unless the running of the Statute of Limitations was tolled pursuant to § 742, Miss.Code of 1942, which provides:

"If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with

reasonable diligence might have been, first known or discovered."

■ The fraudulent concealment complained of in the case sub judice is based upon statements allegedly made to the plaintiff's wife in late 1963 by Charles Hammond and J. W. Miller, Manager of the Retail Credit Company office in Jackson, Mississippi, to the effect that there had been no credit report made concerning the plaintiff or his wife.[10] For the purpose of this motion, it will be assumed that these representatives did in fact deny the existence of the 1963 report. It is the opinion of this Court, however, that this fact alone did not operate to toll the running of the Statute of Limitations under the circumstances of this case.

■■ Initially, this Court notes that the mere fact that a credit report is intended for private use does not constitute fraudulent concealment. Peacock v. Retail Credit Company, 429 F.2d 31 (C. A. 5, 1970), affirming 302 F.Supp. 418 (N.D.Ga.1969). Likewise, the defendant's regulations or agreements with its customers concerning confidentiality of credit reports does not amount to fraud. The defendant was under no obligation to reveal the contents or the information contained in this confidential report upon her request in late 1963 and thereafter even though the report related to her. Neither the plaintiff nor his wife was entitled to be furnished the qualifiedly privileged information contained in this confidential report. Wilson v. Retail Credit Company, Inc., *supra*; Retail Credit Company v. Garraway, *supra*.

■ The deposition of the plaintiff's wife and the affidavits of various Commercial Credit Company employees, filed in Civil Action No. 3846, reveal that Mrs. Wilson made numerous inquiries concerning this 1963 report, and in doing so, informed these employees of

---

9. Section 722, Miss.Code of 1942, Rec., provides:

"All actions for which no other period of limitation is prescribed shall be commenced within six years next after the

cause of such action accrued, and not after."

10. Amended Complaint, filed Sept. 22, 1970; Affidavit of Mary E. Wilson, Feb. 4, 1971.

her knowledge of the existence of the report. She also claimed to have seen the report and have knowledge of the contents thereof. Although Mrs. Wilson, in her deposition, claims to have only been "fishing" or "bluffing" in these assertions, it would seem to be more than coincidental that she should use the word "neurotic" in referring to the contents of her report. See Atwell v. Retail Credit Company, 431 F.2d 1008 (C.A. 4, 1970). In order for a particular misrepresentation to constitute fraud which would toll the running of the Statute of Limitations, it must be made under such circumstances, and be of such nature that a reasonably prudent person would act thereon. New York Life Ins. Co. v. Gill, 182 Miss. 815, 182 So. 109 (1938).

■ Finally, this Court notes that the plaintiff herein, Mr. Wilson, never made any inquiry or any asserted effort whatsoever to ascertain the existence of this 1963 report or its contents. A person claiming fraud as an excuse for non-action within the statutory period must exercise reasonable diligence to discover the fraud sooner, or show that he could not, with reasonable diligence, have so discovered it. Jones v. Rogers, 85 Miss. 802, 38 So. 742 (1905); New York Life Ins. Co. v. Gill, *supra*; Young v. Cook, 30 Miss. 320. Plaintiff cannot say that he was lulled into security and caused to rely upon the good faith of the defendant by "some positive act of fraudulent representation or concealment directly toward the injured party," which might excuse his lack of proper diligence. Buckner v. Calcote, 28 Miss. 432 (Writ of Error dismissed), Calcote v. Stanton, 18 How. 243, 15 L.Ed. 348 (1855).

Thus, it is the opinion of this Court that there was no fraudulent concealment by the defendant of a cause of action from the knowledge of the person entitled thereto, which tolled the running of the Statute of Limitations with respect to a libel action or invasion of privacy action based upon the 1963 creit report. There has of course been no allegation with respect to any fraud connected with the May, 1964 report nor is there any evidence thereof in this record.

■ It is the contention of the plaintiff that even if his right of action against the defendant based upon libel is barred by the one year statute, the statute of limitations relating to torts other than those enumerated in Mississippi Code, which is six (6) years, would apply to an invasion of privacy action. The plaintiff contends that the last act complained of occurred in May, 1964, this action having been filed in November of 1969. The defendant contends, however, that the amended Declaration brought in an entirely new cause of action based on an invasion of the right of privacy and the time of filing the amended Declaration, September 22, 1970, rather than the original Declaration is controlling. A determination of this question is unnecessary, however, because this Court is of the opinion that the facts of the case sub judice do not support a cause of action based upon an invasion of privacy.

Although the Mississippi Courts do recognize an action based upon an invasion of the right of privacy, Martin v. Dorton, 210 Miss. 668, 50 So.2d 391 (1951), there is an absence of state jurisprudence to furnish any guidelines with respect to the necessary element thereof. In the case of Peacock v. Retail Credit Company, 302 F.2d 418 (N. D.Ga.1969), affd. 429 F.2d 31 (C.A. 5, 1970), the plaintiff alleged that his right of privacy had been violated by Retail Credit Company, the defendant therein, through the communication of a confidential credit report to its customers. In a well reasoned opinion, the District Court noted that the Georgia cases in this area had been categorized into four parts, three of which were pertinent therein: (1) intrusion upon the plaintiff's seclusion or solitude or his private affairs, (2) public disclosure of embarrassing and private facts about the plaintiff, and (3) publicity which places the plaintiff in a false light in

the public eye. With respect to the latter two categories the Court noted:

"Plaintiff's attempt to recover under category (2), on the theory that the credit report amounted to a public disclosure of embarrassing private facts about him, must likewise fail, for the simple reason that there has been no 'public' disclosure of any information concerning plaintiff. Only clients of Retail Credit have been supplied with this information and while this limited publication may have resulted in the denial of an insurance policy, or a denial of credit, the court holds that this is not the type of public disclosure required to establish an invasion of privacy under category (2).

\*    \*    \*    \*    \*    \*

"Finally, the question remains whether a false and libelous credit report can be held to invade plaintiff's right to privacy by placing him in a 'false light in the public eye.' The court holds that, unless it is disseminated to the public, it cannot." 302 F.Supp. 423, 424.

The Court further determined that plaintiff's reliance on category one (1), that of intrusion into his private affairs, was misplaced, in that Georgia cases required that the intrusion must be physical, analogous to a trespass, and the plaintiff had neither alleged nor shown to the Court that he had suffered such a physical intrusion upon his privacy. Although this interpretation would seem unduly restrictive, the Court envisioning situations in which the bad faith or utterly reckless prying or intrusion by a credit company into the private affairs of the subject of a report would be actionable, this Court nevertheless finds that the record does not support such a theory. As heretofore noted, the Court has carefully reviewed the affidavits, depositions, and other documents filed herein and is of the opinion that both the 1963 credit report on plaintiff's wife and the 1964 credit report on plaintiff were made in good faith and without malice in the ordinary course of business, pursuant to a request from a client having an interest in the information reported.

The formulation and communication of confidential credit reports are an integral part of the business community and necessarily involve a certain amount of intrusion or prying into one's personal affairs. It is only where actions of a company engaged in this business are tainted with malice or a reckless disregard for the truth that a cause of action is established. The plaintiff herein has presented no set of facts which would give rise to a cause of action for an invasion of his right of privacy.

It is therefore the opinion of this Court that there is, based on the record, no genuine issue as to any material fact, and the defendant is thus entitled to a judgment as a matter of law. Rule 56(c), F.R.C.P.

An Order in conformance with the above Opinion, approved as to form by counsel for both parties, shall be presented to the Court within the time and manner prescribed by the Rules.