Watts et al. *v.* Smith.

REUBEN WATTS, JR. et al. *vs.* ARTHUR SMITH, use, &c.

A nominal plaintiff in a suit can be made a witness at law, and may testify, although the usee objects to it, unless the nominal plaintiff himself objects. 7 S. & M. 507 ; 12 Ib. 718 ; Ib. 625, cited and confirmed.

It depends entirely upon his own wish or discretion, whether a nominal plaintiff will become a witness in a suit brought in his own name, as the defendant has no compulsory process or mode by which he can force him to testify in the ordinary way.

The defendant then has the right, in the first instance, to resort to a bill or petition for discovery, provided by the statute for the practice of the circuit courts, without waiting for the willingness of the party to give testimony, as a witness, in the ordinary way.

*Quære*, can a party to a negotiable instrument, who has given it currency and credit by his signature, be afterwards permitted as a witness in a suit between other parties, to prove the note had been originally void.

The legal title to the note sued on, is yet in S., and therefore he has not given it the credit which the strictest rule requires, in order to disqualify him as a witness. *Williams* v. *Miller*, 10 S. & M. 139, cited and confirmed.

In this case, S. was clearly competent, as a witness, to prove the consideration of the note sued on.

The defendant in an action, may be compelled to make a discovery of any act of moral turpitude which does not amount to a public offence, or an indictable crime, even if fraud is charged involving the worst moral turpitude. *Held*, that it was error in the court below, to sustain the demurrer to the petition for discovery.

IN error from the circuit court of Covington county ; Hon. W. P. Harris, judge.

The opinion of the court contains a statement of the facts of the case.

*Adams & Dixon*, for plaintiffs in error, cited and commented on Hutch. Code, 865, 866; 2 Story's Eq. 869 and 880, and authorities cited.   *Gray* v. *Thomas*, 12 S. & M. 111; 2 Mitford's Eq. Pl. 189; *Gasquet* v. *Warren*, 2 S. & M. 514; *Garvin* v. *Lowry*, 7 Ib. 24; *Clark* v. *Kingsland*, 1 Ib. 248; Hare on Discovery, 131; *Livingston* v. *Harris*, 3 Paige, 528.

*J. F. & G. P. Foute*, for defendant in error, cited and commented on 1 Story's Eq, 91, and cases cited; 2 Ib. 709; Jeremy's Eq. 266; *Ex parte Symes*, 11 Vez. Ch. R. 521; *Wailes* v. *Duke of Portland*, 3 Ib. 501.

Mr. Justice YERGER delivered the opinion of the court.

Arthur Smith sued for the use of *Sydney Smith*, on a note by the plaintiff in error, payable to Arthur Smith, or bearer. The defendant filed a petition of discovery, alleging that the note was given in payment and satisfaction of a judgment which had been recovered against him in favor of Robert Boyken, and which judgment Smith alleged belonged to him, when in fact it did not belong to Smith, but was the property of Boyken.   And the petitioner states, that he does not know any one but Arthur Smith by whom he could prove that the note sued on was the same given in discharge of that judgment.   This petition was demurred to, and the demurrer sustained.

This court has held, that the nominal plaintiff could be made a witness at law, and might there testify, although the usee objected to it, unless the nominal plaintiff himself objected; but if he did object, inasmuch as he was a party to the record, he could not be compelled to testify.   7 S. & M. 507; 12 Ib. 625, 718.

It will thus be seen, that whether a nominal plaintiff will become a witness or not, in a suit brought in his own name, depends on his own discretion or wish, and that the defendant has no compulsory process or mode by which he can force him to testify, as a witness, in the ordinary manner.   In what

way, then, can a defendant obtain his testimony, if deemed material? By means of a bill of discovery in chancery, or by the petition of discovery provided by the statute for the practice of the circuit courts. We think a defendant has a right in the first instance, to resort to the petition of discovery, without risking the willingness of the party to give testimony as a witness in the ordinary way.

The demurrer to the petition seems to have been sustained upon the ground that it was not competent for Arthur Smith to give testimony, which would tend to impeach the validity of the note, because it it is said he had negotiated it, and therefore could not be heard to impeach it. It has been held by some judicial tribunals in the United States, of high authority, that a party to a negotiable instrument, who has given it currency and credit by his signature, shall not be afterwards admitted in a suit between other parties, to prove the note to have been originally void. This rule is by no means universal, and the preponderance of authority would seem to be against it. It has never yet been decided either way by this court, nor will we now decide it, as we do not think it necessary to do so. In this case, the legal title to the note is still in Arthur Smith; he has never negotiated it in legal acceptation. He has not indorsed it; and though payable to himself, or bearer, he has never delivered it to the usee, as bearer, and therefore has not given it that currency and credit which the strictest rule required, in order to disqualify him as a witness. This court has heretofore holden, that a party to a non-negotiable instrument is competent as a witness to prove it void; and, even if it be negotiable, he is competent to testify, if he had indorsed the note without recourse. *Williams* v. *Miller*, 10 S. & M. 139. Without deciding that a party named as payee in a note payable to him or bearer, would be competent as a witness, where he had negotiated it by delivery, we think he is clearly competent to prove the consideration, in a case like the present, where such negotiation has not taken place, and the legal title still remains in him.

The other objection to the petition, to wit, that the answer of Smith might show him guilty of moral turpitude, and he should

not therefore be bound to answer, is not sufficient to sustain the demurrer. However the rule may have formerly been on this point, it is now well settled that a defendant may be compelled to make a discovery of any act of moral turpitude, which does not amount to a public offence or an indictable crime; even if fraud is charged, involving the basest moral turpitude, he is bound to answer. Story, Eq. Pl. § 595, 596. We think the circuit court erred in sustaining the demurrer *to the petition of discovery.* We, therefore, reverse the judgment of the court below, direct the demurrer to the petition of discovery to be overruled, and remand the cause for further proceedings.