SHUMPERT *et al. v.* LEE COUNTY.

(In Banc. Dec. 11, 1944.)

[20 So. (2d) 82. No. 35701.]

**Mitchell & Clayton**, of Tupelo, and **W. C. Sweat**, of Corinth, for appellants.

Fred B. Smith, of Ripley, for appellee.

518

**Alexander, J.,** delivered the opinion of the court.

Original bill was filed by Jessie M. Coleman as district attorney, with the approval of the Attorney General, on behalf of Beat Four of Lee County against Mark M. Shumpert, a member of the board of supervisors for such beat, and his surety, the National Surety Corporation. The bill was by amendment revived in the name of Raymond Jarvis, successor in office to Coleman. The bill sets out the authority and duty of the board to build, construct and maintain the public roads of the county, and to this end to use the funds collected in the respective districts for such improvements. It further alleged that

construction equipment, such as tractors, graders and the like, were purchased by the county, but the right to use them was confined to objects authorized by law for the public welfare.

The gravamen of the action is the alleged employment, by appellant as supervisor of Beat Four, of a tractor and other construction equipment belonging to the county, in the gratuitous construction of private pools, ponds, lakes, roads and ditches for individuals and friends in which the public had no interest. Such conduct was alleged to be "wilful, unlawful, corrupt and without any authority of law." Such alleged misuse of the property of the county was stated to involve an expense and loss to the county arising from the depreciation and deterioration of such equipment, the use of gasoline and oil, and the expenditure of considerable sums for wages and hire of its employees.

The bill sets forth eighteen private individuals to whom such gratuitous favors were extended, with the respective expenses detailed totaling a loss to the county of $1,284.09. The names of fourteen other recipients of such bounty were listed, but without information as to the respective amounts expended. As to these latter, and any others similarly favored, discovery was prayed for. Injunction upon final hearing was also included in the prayer which sought decree against Shumpert and the surety upon his official bond for the amounts represented by actual outlay and depreciation.

To the bill demurrer was interposed which raised the following legal defenses: No equity; lack of authorization by the board of the suit; lack of authority in the district attorney to sue; absence of right to discovery or injunction; and the objections which may be summarized as an absence of jurisdiction of the court to hear and of the appellee to sue. The demurrer was overruled and an appeal allowed to settle all the controlling legal principles.

Examination of the authority of the district attorney to maintain this suit brings into view several statutes. It can not be doubted that originally the duties, and hence the authority, of the district attorney were made consistent with his chief role of prosecutor in the circuit courts of his district, and involved actions that were criminal or quasi criminal. These duties were set out in Hutchinson's Code of 1848, Chapter 22, Article 3, Section 4, and are now embodied in Code 1942, Sections 3920, 3922, 3923. Yet, that portion of the original act as is found in Section 3923, Code 1942, authorizes this official, with the approval of the Attorney General, to "institute . . . before the proper court (suits against) all persons indebted to . . . any county within his district." See Greaves v. Hinds County, 166 Miss. 89, 101, 145 So. 900. Section 4392, Code 1942, authorizes the state to "bring all actions and all remedies to which individuals are entitled in a given state of case." Section 4394 adds the provision that "any county may have like remedies given to recover any property belonging to it, or damages for injury thereto; and action may be brought in behalf of the county . . . by a district attorney . . . " Unless the literal terms of such statutes are restricted by other inconsistent statutes, the authority of appellee to sue is there supplied. The allegation that the construction equipment of the county was damaged by depreciation, and its gasoline and oil used illegally would satisfy the letter of the statute.

Appellant contends, however, that the suit is one by the county and that under Code 1942, Section 2955, it "shall not be brought by the county without the authority of the board of supervisors," and that such authority is not disclosed. To this, the district attorney replies that this statute contains the proviso "except as otherwise provided by law," and that it is otherwise so provided by Section 4394, as well as Section 3923. If it be the fact that only part of the county is interested, inasmuch as the allegedly illegal use of property was that allocated to

District Four, which we do not decide, it is a sufficient answer that under Code 1942, Section 2956, the contention has only such merit as may be assayed from the preceding section. If the district attorney may bring suit in behalf of the county, he may bring it where only part is concerned.

Appellant summarizes his answers to the several quoted statutes by saying that nowhere is found authority for a district attorney to bring suit in the chancery court in behalf of part of a county without authority of the board of supervisors. We have heretofore disposed of these contentions insofar as they attack the right of such official to bring all actions, Section 4392, in the proper court against all persons indebted to the county, Section 3923, or for injuries to its property, Section 4394. That suit was properly brought in the chancery court is hereinafter discussed.

There remains only the inquiry whether this suit on behalf of the county required precedent authorization by the board. Unquestionably, this is a suit on behalf of the county. But, is this a suit by the county on its behalf? Let it be supposed that all of the members of the board had been guilty of the illegal practices alleged. Would their consent to be sued be required, and if so, forthcoming? Had there been an illegal appropriation as denounced by Section 2944 those members only who voted therefor would be liable. Since a majority would be required to vote it, and a majority likewise required to authorize suit, it can be safely assumed that the legislature was aware of the resulting dilemma, and did not by Section 2955 contemplate suits where the interest of the individual member was adverse. In such case, there would not be involved any attempt by the board as such "to vindicate its rights." See Storey v. Rhodes, 178 Miss. 776, 783, 174 So. 560. Such view lends no encouragement to an officious intermeddling by authorized officers or taxpayers. See Code 1942, Sections 2872, 2944, wherein is indicated that, while the county and the board

are mutually identified, the county and its interests may, by illegal act of the individual members, be arrayed against them.

Appellant makes a final stand upon the contention that in any event there is no chancery jurisdiction. The suit is against the member and his official surety. In this connection, Section 161 of our Constitution is pertinent. It provides "The chancery court shall have jurisdiction . . . of suits on bonds of . . . public officers for failure to account for . . . property received or wasted or lost by neglect . . . "

However, jurisdiction need not be grounded upon the constitutional provision alone if the bill states a case for discovery or injunction. Nor is it necessary to summon to our aid in the consideration that a multiplicity of suits is thus avoided. As above stated, discovery was sought as to the loss, expenses and outlays incurred by the rendition of unauthorized services to some fourteen named citizens of the county. Appellant insists that such a disclosure may not be compelled, and upon the ground that it would tend to incrimination. Our attention is not directed to any criminal statute which would visit upon appellant criminal punishment or penalty. That it might involve moral turpitude or even fraud is not sufficient if the act is not an indictable crime. Watts v. Smith, 24 Miss. 77. We find in the prayer for discovery additional basis for chancery jurisdiction.

That all the controlling legal principles may be settled, we consider finally the prayer for injunction even though answer to this question will not affect the issue of jurisdiction, already resolved. We are asked to take judicial notice of the expiration of the term of office of the appellant Shumpert on the first Monday of January 1944, wherefore so far as the record discloses he is not subject to restraint since he is no longer vested with power. In reply, appellee asks us to notice judicially his reelection and present incumbency. We need not probe our powers on this matter inasmuch as the bill, filed while appellant

held the office, alleged such practices had been and were continued to be followed. See State ex rel. Whall v. Saenger Theatres Corporation, 190 Miss. 391, 200 So. 442. Moreover, the bill does not ask temporary or preliminary injunction but only upon final hearing. No injury could accrue to appellant by leaving this matter to abide the event of the hearing, whereas if the facts reveal its propriety a denial of the right may prove to have been prejudicial.

We have not rehearsed the many authorities cited to sustain the respective contentions which, in the absence of cases precisely in point, have furnished only analogies, made helpful only by attenuated reasoning. Inspection of these authorities will be made available by the Court Reporter. We have given them all painstaking care, a task augmented not inconsiderably by a failure of counsel to observe the suggestions of Rule 7(2) requiring an index of the propositions to be discussed, with supporting authorities. Cases successfully prosecuted under circumstances similar to those here presented seem either to have assumed the right to maintain such suits or to have ignored the question in the absence of specific attack. It is enough that we have culled from them and the applicable statutes a conclusion fortified by exigency and reason, and which upholds the decree of the learned chancellor overruling the demurrer.

Affirmed and remanded.

**Anderson, J.,** took no part in this decision.