RETAIL CREDIT COMPANY *v.* GARRAWAY

No. 41678          January 30, 1961          126 So. 2d 271

*Watkins, Pyle, Edwards & Ludlam,* Jackson, for appellant.

*Satterfield, Shell, Williams & Buford, Jerome B. Steen,* Jackson, (on appeal only) ; *Wm. F. Riley, E. H. Fitzpatrick, Jr.,* Natchez, for appellees.

ETHRIDGE, J.

This case involves questions, original in this State, of whether a report of a mercantile agency, furnished in good faith to one having a legitimate interest in the information, is qualified privileged; and if so, whether in a pure bill of discovery in equity complainant was required to and did meet her burden of proof, in order to overcome the privilege, of showing malice in its preparation.

Appellee, Mrs. Delores Garraway, a resident of Adams County, filed a pure bill of complaint for discovery only in the Chancery Court, First Judicial District of Hinds County, against appellant, Retail Credit Company. Defendant is a Georgia corporation authorized to do business in this and other states as a mercantile agency. It is in the business of collecting information for subscribers relating to the credit, character, and general

trustworthiness of persons engaged in business. The bill alleged that it was filed for the discovery of certain reports exclusively within the knowledge and possession of defendant. In 1959 complainant applied to three insurance companies for liability and collision coverage on her automobile, and, after the issuance of temporary binders, each of the companies in succession cancelled their policies. Appellee began to make inquiry, and, the bill charged, she learned that defendant was circulating false, untrue and malicious reports to the insurance companies, expressly or impliedly stating that complainant was an excessive drinker of alcoholic beverages and was seen on occasions in and out of disreputable night clubs, at late hours in an intoxicated condition; that such reports were false and prepared without proper investigation. It was charged these reports were libelous per se and done maliciously; complainant made diligent efforts to obtain copies of them but failed to get them; each of the insurance companies advised her they were under contract to defendant to keep the reports confidential; and they were relevant to complainant's right to sue for defamation of her character. The bill prayed solely for a decree requiring defendant to disclose to complainant true copies of these instruments.

Defendant's general demurrer to the bill was overruled, and defendant answered, pleading that it was in the business of making mercantile reports to businesses having legitimate interests in the information; and the reports are privileged communications and not actionable in the absence of bad faith or malice. Defendant admitted it had made reports to the insurance companies under those circumstances, but denied they were false or malicious. They were made in the ordinary course of business as confidential communications.

Before the trial, complainant filed motions for subpoenas duces tecum upon the three insurance companies. The court issued them without any notice or hearing to

defendant or the insurance companies. Two of the companies had returned their reports to defendant, but one of them still had two concerning complainant in its possession. Defendant moved to quash all of the subpoenas duces tecum, since the reports sought to be disclosed thereby were the subject of the complainant's bill, and allegedly privileged communications. During the hearing, the chancery court in effect overruled the motion to quash, and required the witness for the insurance company in possession to produce these documents, over defendant's objection. After the hearing, the final decree directed Retail Credit to produce the reports it had made to its contracting parties for inspection by complainant. It stated that the motion to quash the subpoenas had become moot, but ordered the two reports obtained by subpoena to remain a part of the record.

■■ The decree of the chancery court of March 8, 1960, adjudicated that appellees were entitled to all the relief sought in the bill of complaint, namely, production of the reports designated in the bill and any other similar documents. Hence it directed production of these documents on March 14, 1960, at a designated place. In short, the bill asked solely for a discovery of the reports. The decree granted in full that relief. It is manifest that this decree is a final decree which is appealable. ■■ A final decree is one which finally determines and settles the issues in the case. Griffith, Miss. Chancery Practice (1950), Secs. 609, 614. If a decree granting discovery is made, and the discovery sought was the sole purpose of the bill, an end in itself, the decree is reviewable by appeal. 17 Am. Jur., Discovery and Inspection, Sec. 72; Anno., 37 A. L. R. 2d 586, 617-618 (1954); Dallas Joint Stock Land Bank v. State, 135 Tex. 25, 137 S. W. 2d 993 (1940). In brief, the decree was an appealable decree involving a full disposition of the relief sought in this suit. Appellant had the right to obtain a review in this Court of the issues there decided.

■■ Mercantile agencies are establishments which are in the business of collecting information relating to the credit, character, responsibility, general reputation and other matters affecting persons, firms and corporations engaged in business. They furnish this information to subscribers of the agency for a consideration. The purpose is to procure such information concerning the trustworthiness of persons and corporations engaged in business as will enable their subscribers safely and properly to conduct business with strangers or distant customers. 36 Am. Jur., Mercantile Agencies, Sec. 2. Usually there is an agreement between the agency and its subscribers, as there was in the instant case by Retail Credit and the insurance companies which received the reports concerning appellee, that all information furnished by the agency shall be held in strict confidence and used for the benefit of the subscriber alone.

■■■ The first question is whether these reports made under such circumstances are qualifiedly privileged. The great weight of authority holds they are. 36 Am. Jur., Mercantile Agencies, Sec. 11, p. 185, summarizes the authorities in this manner: "The subscriber seeking information concerning a prospective customer has an interest in the communication which he receives, and upon this ground communications made by mercantile agencies are, by the great weight of authority, held privileged. This privilege is, of course, a qualified one, and exists only where the communication was made in good faith."

The annotation in 30 A. L. R. 2d 776 (1953) surveys the cases, and states that the general rule is that reports of mercantile agencies, furnished in good faith to one having a legitimate interest in the information, are privileged. However, the report must have been furnished in good faith, to one having an interest in the information communicated. A small minority of cases hold to the contrary. However, since this is a question of first impression in this State, we adopt the general rule, stat-

ed above, and hold that such reports are qualifiedly privileged, with the limitation that they must have been furnished in good faith to one having an interest in the information communicated. The communication of a mercantile agency loses its privileged character when it is sent with malice. 30 A. L. R. 2d 782.

■■ The record clearly establishes in this case that the reports made by appellant to the three insurance companies, its subscribers, come within this qualified privilege.

■■ We also hold that in a pure bill of discovery, such as the instant one, where the only purpose of the bill in chancery is to obtain discovery of the qualifiedly privileged reports, the defendant may plead and put in issue the question of qualified privilege. Griffith, Miss. Chancery Practice, Secs. 427-432, discusses in some detail bills of discovery. In Sec. 430 Judge Griffith states: "Discovery may not be required of privileged information; nor of matters which would impute a crime to the defendant or which would subject him to a penalty other than a statutory penalty." See Rawleigh Company v. Hester, 190 Miss. 329, 340, 200 So. 250 (1941); Shumpert v. Lee County, 197 Miss. 513, 526, 20 So. 2d 82 (1944). The quoted part from Judge Griffith's book, in addition to citing the above two cases in support of the rule, also refers to Sec. 350 thereof, which states: "And a defendant is not required to answer as to matter that would incriminate him, nor which would involve a breach of those professional confidences which are privileged by law, nor as to matters in the bill which are clearly scandalous or impertinent."

Griffith, Sec. 432, p. 429 states: "If however there be excusable reasons, not apparent on the face of the bill, as to why the defendant is not obliged to make a discovery as to some particular matter the facts constituting the excuse must be fully set up in the answer in lieu of the omitted matter so that the court may there-

upon determine the question, upon motion by way of exception, if the complainant shall still insist upon the disclosure.''

In other words, appellee could not require discovery of the qualifiedly privileged information, unless she shows an abuse of the privilege, and the existence of malice in making the report. Griffith, Secs. 430, 432; see also 17 Am. Jur., Discovery and Inspection, Sec. 16.

Somewhat analogous to the instant question of a required disclosure of privileged information is Electric Reduction Co. of Canada v. Crane, 120 So. 2d 765 (Miss. 1960). Petitioner obtained from a Mississippi circuit court an order honoring letters rogatory issued by a Canadian court in a cause pending in Canada. A subpoena was served on a witness directing him to appear before a commissioner and answer questions as on a deposition. The witness declined, although the commissioner overruled his objections, and petitioner asked the circuit court to cite the witness for contempt, which request was denied. On appeal, it was held that the witness had a right to have his claim of qualified privilege determined on letters rogatory. The witness asserted the qualified privilege under a nondisclosure agreement concerning trade secrets of his former employer. It was stated the trial court properly determined that the privileged information should not be required to be disclosed.

In Bailey v. Muse, 227 Miss. 51, 85 So. 2d 918 (1956), it was held that, in a suit by the State Tax Collector to recover statutory fines and penalties for the unlawful sale of intoxicating liquors, the chancery court erred in requiring defendants to answer those parts of the bill of complaint which would incriminate them and subject them to the penalties, without a grant of full immunity therefrom. The defendants, as in the instant case, filed pleadings averring they should not be required to answer those parts of the bill, without a grant of immunity. The mandatory disclosure by answer was erroneous.

The privilege against self-incrimination was extended to an answer in chancery.

■■ ■ The burden of proof was on complainant to show that the reports made on this privileged occasion were made from an improper, malicious motive, and not for a reason which would otherwise render them privileged. 36 Am. Jur., Mercantile Agencies, Sec. 11, p. 185 states: "It (the privilege) does not exist if there was malice on the part of the agency making the communication, or such gross disregard of the rights of the person published as will be equivalent to malice in fact. Where the occasion is privileged, it is for the plaintiff to establish that the statements complained of were made from an indirect or improper motive, and not for a reason which would otherwise render them privileged. . . ."

■■ ■ The mercantile reports made by Retail Credit to the insurance companies were qualifiedly privileged, and the burden of proof was on complainant to show that they were made with malice or exceeded the privilege. A careful review of the testimony renders it manifest that complainant wholly failed to show these statements were maliciously made. On the contrary, the evidence reflects that they were made in good faith to insurance companies having a legitimate interest in the information. An insurance carrier has a right to obtain confidential information as to the sobriety and trustworthiness of applicants for liability and collision insurance. The two reports caught by the subpoena duces tecum, even if we consider them, reflect they were routine reports made in good faith and without malice.

■■ ■ Complainant did not testify. Her only witness on the issue of malice, which she had the burden of showing, was the Mayor of her hometown of Natchez. He testified that her reputation for sobriety in that community was good; he had known Mrs. Garraway for some time, and had never heard or seen her drinking intoxicating liquors, or coming out of any night clubs

late at night in an intoxicated condition; he would probably have known of it if she had. This evidence is of no probative value on the issue of whether the reports were made by Retail Credit for malicious purposes. The other three witnesses were representatives of the three insurance companies to whom subpoenas had been issued, and a Jackson branch manager of Retail Credit. The effect of their testimony was to establish that the reports were made under qualifiedly privileged conditions. In short, complainant, with the burden of proof of showing these privileged reports were made with malice, failed to offer any evidence to support that averment. That was an issue in this case. Hence the chancery court erred in its final decree directing Retail Credit to produce the reports.

In addition, the chancellor was in error in requiring the agent of State Farm Mutual Insurance Company to produce the two reports pursuant to the subpoena. Defendant moved to quash it, pleading privilege, and the court should have sustained that motion and not required production.

For these reasons, the final decree of the chancery court of March 14, 1960, is reversed, and judgment is rendered here for appellant, dismissing the bill with prejudice.

Reversed and judgment rendered for appellant.

*McGehee, C.J.*, and *Kyle, McElroy* and *Rodgers, JJ.*, concur.