438 F.2d 1043
 Mary WILSON, Plaintiff-Appellant,
v.
RETAIL CREDIT CO., Inc., Defendant-Appellee.
No. 30197 Summary Calendar.*
* Rule 18, 5 Cir. See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part. I.
 United States Court of Appeals, Fifth Circuit.
 Feb. 8, 1971, Rehearing Denied March 10, 1971.
 
 W. Roberts Wilson, Jr., Pascagoula, Miss., for plaintiff-appellant.
 Webb M. Mize, Gulfport, Miss., for defendant-appellee.
 ON PETITION FOR REHEARING
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 We grant Mrs. Wilson's petition for rehearing and withdraw our previous opinion in the case sub judice. Counsel for Mrs. Wilson has informed us that the printer of the Appendix failed to include a reproduction of the official stamp of the Circuit Court of Harrison County, Mississippi. This stamp indicates that Mrs. Wilson filed suit in that court on November 7, 1969. Thus the rationale of our previous decision is inapposite.
 
 
 2
 Complaining that Retail Credit Company circulated a libelous report concerning her credit rating, Mrs. Wilson appeals from the summary judgment for Retail Credit granted by the District Court. The District Judge thoroughly analyzed and answered Mrs. Wilson's contentions in light of pertinent Mississippi law. We agree with and adopt his opinion, appended hereto. See Peacock v. Retail Credit Co., 5 Cir. 1970, 429 F.2d 31, aff'g N.D.Ga.1969, 302 F.Supp. 418.
 
 
 3
 Affirmed.
 
 APPENDIX
 Filed: Apr. 23, 1970
 
 4
 United States District Court Southern District of Mississippi Southern Division
 
 
 5
 Mary Wilson, Plaintiff, versus Retail Credit Company, Defendant.
 
 Civil Action No. 3846
 
 6
 The plaintiff instituted this suit for libel on or about Novermber 25, 1969. It is based on the credit report made on or about September 13, 1963 wherein the defendant advised its csutomers seeking confidential credit information on the plaintiff that: 'Others are more severe in their criticism regarding her as neurotic or psychotic. Informants state that she can choose these moods as she choose depending upon her evaluation of a person with whom she is talking, etc.' The defendant is a large nationwide institution engaged in the business of making confindential credit report as its business livelihood.
 
 
 7
 The defendant has filed a motion here for summary judgment. Nothing is said in any response to that motion to dany good faith on the part of the defendant in making such report. It is contended that the claim is barred by the Mississippi one year statute of limitations; that the statement or report was made in good faith and has the status of a qualified privilege; and that liability, if any, attached when the report was issued and opened by the customer and that almost seven years have elapsed since that time, and that no fact or circumstance in this record has tolled the one year statute of limitations. This court agrees with all three contentions of the defendant. The plaintiff has not in response to defendant's motion 'set forth specific facts showing that there is a genuine issue for trial' as required by Civil Rule 56(e) to avoid summary judgment.
 
 
 8
 There is nothing before the court to dispute the defendant's contention that this report was made in good faith in the ordinary and every day course of its business in answer to a request from a client for a credit report on the plaintiff. Nothing in the report indicates any malice or that anything more was done than simply report in good faith what they found from informants to be the facts about which such questionnaire related. Such a report enjoys a qualified privilege when it is made in good faith as here. Retail Credit Company v. Garraway, 240 Miss. 230, 126 So.2d 271; Hooper-Homes Bureau v. Bunn (5 CA), 161 F.2d 102. It is the rule that where a statement or report is qualifiedly privileged that it is immaterial whether its contents were libelous per se or libelous per quod. Missouri Pacific Transportation Co. v. Beard, 179 Miss. 764, 176 So. 156. A well reasoned opinion of Judge Edenfield awarding a summary judgment in Peacock v. Retail Credit Co., 302 F.Supp. 418 is to the same effect.
 
 
 9
 Section 732 Mississippi Code 1942 provides that all actions for libel shall commence within one year next after such action accrued, and not after. If any claim arose or accrued on this report, it did so when the report was received by defendant's customer, and not when plaintiff discovered its existence. The defendant had no duty or obligation to reveal the contents of its confidential report to the plaintiff although it related to her. That rule as to the time of accrual of a right of action for libel is stated in McCarlie v. Atkinson, 77 Miss. 594, 27 So. 641. That decision firmly declared the rule to be that an action accrued, if at all, when the report was opened and read by the party to whom it was addressed and that no action of the recipient of the report could constitute concealment. There is nothing in this record before the court to show the existence of any fraud on the part of the defendant. Its rules and regulations and agreements with its customers to keep its reports confidential certainly do not amount to a fraud or the concealment of any fraud within the purview of 742 Mississippi Code 1942 which provides: 'If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.' Fraud must be stated in specifics and not in conclusionary terms. The general rule is that this one year statute applying to libel actions commenced to run when the injury occurred and not at the time of discovery. The public policy of repose inherent in these statutes provides the reason and dictates an application of such policy in a case of this kind where the defendant owed the plaintiff no duty but to exercise good faith in a fair report of facts as revealed to them by their informants as it sought credit information about her.
 
 
 10
 There is nothing before the court in this case in response to said motion for summary judgment to specifically show the existence of any genuine issue of material fact in this case disentitling the defendant to a judgment as a matter of law.
 
 
 11
 The motion of the defendant for a summary judgment will be sustained for the reasons indicated. A judgment accordingly may be presented.
 
 
 12
 (Signed) Harold Cox United States District Judge April 23, 1970