**W. R. WILSON, Plaintiff-Appellant,**

v.

**RETAIL CREDIT COMPANY,
Defendant-Appellee.**

**No. 71-1742.**

United States Court of Appeals,
Fifth Circuit.

April 14, 1972.

Rehearing and Rehearing En Banc
Denied May 19, 1972.

W. Roberts Wilson, Jr., Pascagoula, Miss., for plaintiff-appellant.

Webb M. Mize, Gulfport, Miss., for defendant-appellee.

Before JONES, BELL and AINSWORTH, Circuit Judges.

JONES, Circuit Judge:

The appellee, Retail Credit Company, was engaged in the business of furnishing credit reports. It had an inquiry with respect to Mary Wilson, the wife of the appellant, W. R. Wilson. Mrs. Wilson made an unsuccessful effort to recover damages for alleged false and defamatory statements in the credit report.[1] By separate action the appellant, W. R. Wilson, brought an action asserting that he was defamed by statements in the report made in response to the inquiry respecting his wife and also asserted that he had sustained damage by reason of false statements in a report made with respect to an inquiry concerning himself.[2]

The facts from which the controversy, giving rise to this appeal, arose are set forth in the opinion of the district court. W. R. Wilson v. Retail Credit Company, S.D.Miss.1971, 325 F.Supp. 460. For the most part the questions before us were presented to and decided by the district court and we agree with the conclusions which the district court reached. See also Mary Wilson v. Retail Credit Company, supra.

While this cause was pending, the Congress had before it and enacted the Fair Credit Reporting Act, 15 U.S.C.A. § 1681, et seq. This statute was enacted October 26, 1970 and by its terms became effective April 26, 1971. The final judgment of the district court in this case was entered March 17, 1971. The appellant here urges that this statute provided a cause of action in situations such as the one here presented. He showed that the report containing the statements made regarding his wife and himself was before the Congress in its consideration of the proposal to create a cause of action for the benefit of those, including Wilson and his wife, who asserted injuries caused by the wrongful acts and conduct which the statute condemns. Wilson contends that these circumstances show an intent on the part of the Congress that the provisions for relief are made available to him even though the judgment of the court was entered prior to the effective date of the

---

1. Mary Wilson v. Retail Credit Company, 5th Cir. 1971, 438 F.2d 1043.

2. Efforts to locate the report made with respect to the appellant husband have been unsuccessful and it played no part in the final judgment of the district court nor is it material here except that we agree with the district court that the appellant was not entitled to a judgment because Retail Credit was unable to produce a copy of the report.

statute. We find the settled rule of law to be contrary to the appellant's claim.

The Supreme Court in handing down an opinion in 1806 used the following language:

"Words in a statute ought not to have a retrospective operation, unless they are so clear, strong and imperative, that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied. This rule ought especially to be adhered to, when such a construction will alter the pre-existing situation of parties, or will affect or interfere with their antecedent rights, services and remuneration; which is so obviously improper, that nothing ought to uphold and vindicate the interpretation, but the unequivocal and inflexible import of the terms, and the manifest intention of the legislature." United States v. Heth, 3 Cranch 399, 7 U.S. 339, 2 L.Ed. 479.

Some years later the Supreme Court used language more pertinent to the case before this Court, saying:

"The first suggestion of the legal mind on this inquiry is, that it will not be presumed, unless the language of the statute imperatively requires it, that Congress, by a retrospective law, intended to create new rights in one party to the suit at the expense, or by an invasion of the rights, of other parties; or, where no right of action founded on past transactions existed, that Congress intended to create it". United States v. Union Pacific Railroad Company, 98 U.S. 569, 25 L.Ed. 143.

The rule has been applied in a number of decisions of the Supreme Court, among which are Union Pacific R.R. v. Laramie Stock Yards, 231 U.S. 190, 34 S.Ct. 101, 58 L.Ed. 179; Shwab v. Doyle, 258 U.S. 529, 42 S.Ct. 391, 66 L. Ed. 747, 26 A.L.R. 1454; Greene v.

United States, 376 U.S. 149, 84 S.Ct. 615, 11 L.Ed.2d 576.

This Court has stated the principle in these terms:

"Whether a statute operates retroactively or prospectively is one of legislative intent. In gathering this intent, certain settled rules of statutory construction apply. Some of these are: that a statute should not be given retroactive effect where another construction is fairly permissible; 'that all statutes are to be considered prospective, unless the language is express to the contrary, or there is a necessary implication to that effect.' . . . .; that in considering statutes, 'The initial admonition is that laws are not to be considered as applying to cases which arose before their passage unless that intention be clearly declared.' . . . .; that 'Retroactivity, even where permissible, is not favored, except upon the clearest mandate.'" Hiatt v. Hilliard, 5th Cir. 1950, 180 F.2d 453, 455.

There is nothing in the statute which discloses, nor are we persuaded by the legislative history, that the Congress intended that the remedies created by the Act should be retroactive.

It follows that the judgment of the district court should be and it is

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.