**Clarence LADY Plaintiff**

v.

**JEFFERSON PILOT LIFE INSUR- ANCE COMPANY;  Billy Joe Ladd, et al.   Defendants**

No.  CIV.A.3:00–CV–313WS.

United States District Court, S.D. Mississippi, Jackson Division.

March 28, 2001.

Christopher E. Sanspree, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, AL, Henry T. Holifield,

Ridgeland, MS, Mark I. Burton, Burton & Burton, PLLC, Kosciusko, MS, for Clarence Lady, Catherine Reed, Donnie Reed, plaintiffs.

John G. Corlew, William F. Ray, Katherine K. Smith, Watkins & Eager, Jackson, MS, Claire W. Ketner, Brunini, Grantham, Grower & Hewes, Jackson, MS, Charles E. Griffin, Griffin & Associates, Jackson, MS, for Jefferson Pilot Insurance Co., Billy Joe Ladd, defendants.

## ORDER DENYING REMAND

WINGATE, District Judge.

Before the court is the motion of the plaintiff to remand this case to the Circuit Court for the First Judicial District of Hinds County, Mississippi. The defendants removed this case to this federal court under Title 28 U.S.C. § 1441(a),[1] claiming that the defendant Billy Joe Ladd had been joined fraudulently as a party in this cause in order to defeat federal diversity jurisdiction pursuant to Title 28 U.S.C. § 1332.[2] The plaintiff is a citizen of Madison County, Mississippi, who claims that he purchased an insurance policy in 1986 through the defendant insurance company now called Jefferson Pilot Life Insurance Company (hereinafter "Jefferson Pilot"). According to the plaintiff's complaint, one Billy Joe Ladd, who at all times pertinent was the agent for Jefferson Pilot and who acted within the "line and scope of his agency in dealing with the plaintiff," failed to disclose that an existing policy was be-

ing replaced by a new policy; failed to complete insurance policy replacement forms; and, either negligently or intentionally, misrepresented material facts when he sold the policy in question to the plaintiff in 1986. Jefferson Pilot Life Insurance Company is a North Carolina corporation with its principal place of business in Greensboro, North Carolina. The defendant Billy Joe Ladd is a resident citizen of Mississippi. For the purposes of removal under Title 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names is disregarded. *Badon v. R J R Nabisco Inc.,* 224 F.3d 382, 385 (5th Cir.2000).

In support of their motion in opposition to remand, the defendants argue that the plaintiff's complaint against Billy Joe Ladd asserts only claims which now are barred by the applicable statute of limitations; that the plaintiff's complaint asserts no allegations against Billy Joe Ladd after 1986 which might serve to toll the applicable statute of limitations; that at all times pertinent Billy Joe Ladd was acting as an agent for a known principal, as clearly is asserted in the plaintiff's complaint; and that the plaintiff's conspiracy claim against Billy Joe Ladd fails as a matter of law. Thus, the defendants ask this court to dismiss the plaintiff's complaint against Billy Joe Ladd and to deny the plaintiff's motion to remand this case to state court.

## BACKGROUND

The plaintiff contends that the defendants sold him a policy of insurance which

---

**1.** Title 28 U.S.C. § 1441(a) provides that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the

citizenship of defendants sued under fictitious names shall be disregarded."

**2.** Title 28 U.S.C. § 1332(a) provides in pertinent part: (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States; ...

was represented to be one that would be paid for in six years and would not require the plaintiff to make any premium payments for continuing coverage. Essentially, the plaintiff is contending that the defendants offered to sell him a form of "vanishing premium" policy where the premium would be paid from the value of his existing policy and with interest or dividends which would be sufficient to pay the premium, depending on the cost of future insurance rates. According to the plaintiff, the defendants told him that Policy JS3543779, the policy in question in this case, would be paid for in six years if the plaintiff transferred the value of his existing policy in order to fund the new policy. Plaintiff says in his complaint that he understood this new policy "would take care of itself in six years." Plaintiff says he paid no premiums for a number of years (he does not say specifically how many), but that later the defendants began to require him to make premium payments. This premium requirement, says plaintiff, was not communicated to him by the defendants in 1986 when they sold him the policy, and their failure to do so, says plaintiff, constitutes misrepresentation and fraud.

The defendants respond that the plaintiff knew the true nature of his policy from the onset. The first page of the policy, say defendants, states that "[f]lexible premiums [are] payable during insured's lifetime until the Maturity Date." The maturity date appears on page three of the policy in bold letters, "JUL 18, 2010." Beneath the maturity date, the policy states as follows:

> The maturity date shown is the date the policy will mature if it is in force on that date. Even if coverage continues to the maturity date, there may in fact be little or no value to be paid. It is possible that coverage will terminate prior to the maturity date shown. This will happen if premiums paid and interest credited

are not sufficient to continue coverage on that date.

> If you pay the planned premium on time and make no policy loans or partial surrenders, *coverage will continue until JUL 18, 1992*, based on the guaranteed interest and guaranteed cost of insurance rates shown on the policy. . . . . . (emphasis added).

Defendants note that the plaintiff's age when the policy was issued was 71 years. The planned premium was $400.00 per quarter, or $1600.00 per year. The expiration date of the policy, note defendants, appears on page 4 where it states that "Expiration Year 6 (AGE 77) This is the year the policy will expire assuming the payment of the planned premium as shown on page 4 and based on the use of guaranteed interest and cost of insurance rates." Page four of the policy contains a schedule of five premium payments of $1600.00 per year for six years of coverage.

Thus, say defendants, plaintiff knew from the onset that he would be covered under this policy for six years or until he was 77 years of age. Defendants particularly note that the plaintiff had ten days after delivery of the policy in 1986 to return it for a refund of any premium paid. If the plaintiff had not been satisfied with the terms of the policy, say defendants, then he could have returned it without penalty or any further obligation.

According to the defendants, Billy Joe Ladd made no representations about the terms of the policy inconsistent with its written provisions. However, say defendants, even if he did make false statements to the plaintiff, those statements are now outside Mississippi's applicable statute of limitations. Moreover, say defendants, the defendant Billy Joe Ladd has made no effort to conceal any alleged fraud. If fraud exists, say defendants, then it is

apparent on the face of the insurance policy in question. Thus, say defendants, the court should dismiss the plaintiff's complaint against Billy Joe Ladd.

### THE STATUTE OF LIMITATIONS

■ The instant case was filed in the Circuit Court for the First Judicial District of Hinds County, Mississippi, on February 22, 2000, almost fourteen years after Billy Joe Ladd sold the policy in question to the plaintiff. In 1986, the year the plaintiff purchased the policy in question, Mississippi's general statute of limitations, Mississippi Code Annotated Section 15–1–49, provided that for causes of actions not otherwise provided for by statute the limitations period was six years.[3] All the plaintiff's specific assertions of fraud and misrepresentation[4] against Billy Joe Ladd relate to when the policy was sold to the plaintiff in 1986.

■ Under Mississippi law, a cause of action for fraud accrues on completion of the sale induced by the false representation or upon consummation of the fraud. *Black v. Carey Canada, Inc.*, 791 F.Supp. 1120, 1123 (S.D.Miss.1990), citing *Dunn v. Dent*, 169 Miss. 574, 153 So. 798 (1934) (a

cause of action for "deceit accrues upon the completion of the sale induced by such false representation, or upon the consummation of the fraud"). Inasmuch as the policy was sold to the plaintiff in 1986, say defendants, the statute of limitations ran in 1992, long before this lawsuit was filed. In the instant case, say defendants, if Billy Joe Ladd told the plaintiff that the policy "would take care of itself in six years," then this representation occurred before the policy in question was issued, and now clearly is outside the six-year statute of limitation.

■ Next, the defendants respond to the plaintiff's assertion that the statute of limitations was tolled until the plaintiff discovered the alleged fraud. Citing *Donald v. Amoco Production Company*, 735 So.2d 161 (Miss.1999), the defendants note that the "discovery rule" applies only where the injury or loss is "inherently undiscoverable." *Id.* at 166. In *Donald*, the defendant had contaminated the plaintiff's property with radioactive waste which was invisible to and undetectable by the plaintiff. In the instant case, say defendants, the plaintiff was given sufficient in-

---

**3.** Mississippi's general personal injury statute for injuries not otherwise provided for by statute is Miss.Code Ann. § 15–1–49. It once provided for a six-year limitation period which was reduced to three years effective March 12, 1990. Inasmuch as the plaintiff's complaint asserts acts by the defendant Billy Joe Ladd in 1986, the prior unamended version of the statute of limitations is applied in this case.

Effective March 12, 1990, Mississippi amended its six-year statute of limitations to actions not specifically provided for, § 15–1–49, as follows:
(1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.
(2) In actions for which no other period of limitation is prescribed and which involve

latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.
(3) The provisions of subsection (2) shall apply to all pending and subsequently filed actions.

**4.** A cause of action for fraud under Mississippi law requires proof of the following elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; (9) his consequent proximate injury. *Whittington v. Whittington*, 535 So.2d 573, 585 (Miss.1988).

formation in advance of accepting the policy and had only to exercise due diligence to discover all the terms of the insurance policy in question, or to discover any fraud that might have existed. Mississippi's discovery rule, say defendants, is limited to those circumstances where the fraud or injury or disease was not detectable with the exercise of due diligence. *See Staheli v. Smith,* 548 So.2d 1299 (Miss.1989) (libel uttered in secret later discovered by plaintiff); and *Owens–Illinois, Inc. v. Edwards,* 573 So.2d 704 (Miss.1990) (latent medical condition asbestosis). Thus, say defendants, the plaintiff may not claim tolling based on discovery of a fraud that was inherently undetectable at the time it allegedly was committed.

In *Phillips v. New England Mutual Life Insurance Company,* 36 F.Supp.2d 345, 349 (S.D.Miss.1998), the court rejected the defendant's assertion that the plaintiff was given sufficient information in advance of purchasing his policy to be able to ascertain that his premiums were not guaranteed to vanish. The court agreed that the information regarding premiums was sufficient, but that this was not the issue. The court found that the inherently undetectable misrepresentation involved the amount of guaranteed dividends. The defendant's allegations regarding the inflated dividend assumptions may not have been made clear to the plaintiff. The court concluded that the plaintiff had no way to discover the defendant's overly optimistic projection of dividends.

In the instant case, unlike *Phillips v. New England,* the plaintiff has made no assertion that the defendants misrepresented the guaranteed interest, or the rates of insurance cost, or the period of time the plaintiff could expect to be covered by the policy in question. The policy plainly states that it will cover the plaintiff for six years, depending on the interest and the cost of insurance. Therefore, this court agrees with the defendants that the true terms of the policy were not inherently undetectable. Consequently, the plaintiff may not assert that the statute of limitations was tolled until he later discovered the terms of the policy to be something other than what he initially believed.

▮▮▮ Next, the plaintiff charges the defendants with fraudulent concealment under Mississippi Code Annotated Section 15–1–67.[5] In order to establish fraudulent concealment, "there must be shown some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of the claim." *See Robinson v. Cobb,* 763 So.2d 883, 887 (Miss.2000), citing *Reich v. Jesco, Inc.,* 526 So.2d 550, 552 (Miss.1988). In the instant case, the plaintiff must first assert that Billy Joe Ladd "engaged in affirmative acts of concealment." *Id.,* citing *In re Catfish Antitrust Litigation,* 826 F.Supp. 1019, 1030 (N.D.Miss.1993). Then, the plaintiff must be able to show that even though he acted with due diligence in attempting to discover the alleged fraud, he was unable to do so. *Id.,* citing *Wilson v. Retail Credit Company,* 325 F.Supp. 460, 465 (S.D.Miss. 1971), *aff'd on other grounds,* 457 F.2d 1406 (5th Cir.1972).

▮▮▮ Mississippi courts first determine whether a genuine issue of material fact exists regarding the alleged act of concealment; secondly, if a genuine issue is presented, the courts then determine whether

---

**5.** Mississippi Code Annotated Section 15–1–67 provides that, "[i]f a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which the fraud shall be, or with reasonable diligence might have been, first known or discovered."

the alleged fraud remained undiscoverable by reasonable diligence for such a long time that the date on which the plaintiff filed a complaint fell within the tolled limitations period. *Stevens v. Lake*, 615 So.2d 1177, 1181 (Miss.1993). In other words, the Mississippi courts determine whether § 15–1–67 tolls the limitations period by resolving whether the plaintiff either discovered, or reasonably should have discovered the alleged fraud during the six-year limitations period. *Id.* at 1182.

In the instant case, the defendants argue that the plaintiff cannot avoid the applicable statute of limitations by claiming fraudulent concealment, first because the complaint asserts no affirmative act by Billy Joe Ladd to keep the terms of the policy concealed from the plaintiff. Secondly, the defendants argue that the plaintiff cannot claim due diligence because the terms of the policy about which he complains were at all times plainly set forth on the face of the policy. The policy itself, say defendants, plainly sets forth that if no premiums were paid, and no loans against the policy were made, coverage under the policy would last for six years or until July 18, 1992. Thus, say defendants, with reasonable diligence, such as reading the terms of the policy, the alleged fraud could have been discovered prior to the running of the applicable statute of limitations. Under Mississippi law, defendants note, the plaintiff bears the burden of demonstrating that he exercised due diligence to discover the alleged fraud before he can claim tolling for fraudulent concealment. *Cunningham v. Massachusetts Mutual Life Insurance Company*, 972 F.Supp. 1053, 1054 (N.D.Miss.1997).

Furthermore, defendants note, fraudulent concealment requires continuing acts of concealment after the initial transaction was completed in order to toll the statute. In *Dunn v. Dent*, 169 Miss. 574, 153 So. 798, 799 (1934), the Mississippi Supreme Court held that a purchaser's right of action for deceit accrued upon the completion of the sale induced by false representation, or upon the consummation of the fraud, and would be barred if suit therefor was not filed within six years thereafter, unless the grantor fraudulently concealed the cause of action from the knowledge of the person entitled thereto. Citing *Lundy v. Hazlett*, 147 Miss. 808, 112 So. 591 (Miss. 1927), the court noted that a plaintiff's cause of action would survive the six-year statute where the defendant engaged in "continued false representations" after the sale whereby the purchaser was lulled into security and deterred from investigating (emphasis added).

The defendants cite the case of *Stevens v. Lake*, 615 So.2d 1177 (Miss.1993), where the defendant, an attorney, refrained from filing a trust document in the land records of the court, alleging that the creator of the document asked him not to file it. Nine years later the putative beneficiaries of the now ineffective trust document sued the attorney, claiming that fraudulent concealment under § 15–1–67 tolled the statute of limitations. The Mississippi Supreme Court opined that continuing or repeated injuries can give rise to liability if they persist beyond the limitations period for the initial injury. *Id.* at 1182, citing *Hendrix v. City of Yazoo City*, 911 F.2d 1102 (5th Cir.1990); and C.J.S., Limitations of Actions § 177 at 230–32 (1987). "This principle," said the Court, "applies, however, in situations where the defendant commits repeated acts of wrongful conduct, not where harm reverberates from a single, one-time act or omission." Quoting from *Hendrix*, the Mississippi Supreme Court stated that, "where a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury, or when the tortious acts cease. Where the

tortious act has been completed, or the tortious acts have ceased, the period of limitations will not be extended on the ground of a continuing wrong. A 'continuing tort' is one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action. A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Id.* at 1183.

Therefore, based on the foregoing authority, this court concludes that the plaintiff's claims contained in his complaint against Billy Joe Ladd relate to an alleged one-time act or omission relating to the sale of the policy in question and do not assert that the defendant was involved in continual unlawful acts. Under these circumstances, the statute of limitations on the plaintiff's claims against Billy Joe Ladd expired in 1992, about eight years before the instant complaint was filed.

### AGENT ACTING FOR DISCLOSED PRINCIPAL

■ The general rule in Mississippi is that agents acting for known principals incur no liability for a breach of a duty committed by the principal. *See McFarland v. Utica Fire Insurance Company,* 814 F.Supp. 518, 521 (S.D.Miss.1992); *Thames & Co. v. Eicher,* 373 So.2d 1033, 1035 (Miss.1979) (ordinarily an authorized agent for a disclosed principal cannot be held liable for the acts of the agent's corporate principal). However, an equally well accepted corollary rule is that agents may incur individual liability when their conduct constitutes "gross negligence, malice, or reckless disregard for the rights of the plaintiff." *McFarland,* at 521, citing *Dunn v. State Farm Fire and Casualty Company,* 711 F.Supp. 1359, 1361 (N.D.Miss.1987).

■ This court already has found that the plaintiff's assertions of fraud against Billy Joe Ladd are barred by the statute of limitations. Additionally, this court recognizes that agents and employees of defendant insurers cannot be held accountable on a theory of conspiracy. *See Griffin v. Ware,* 457 So.2d 936, 940 (Miss.1984), *abrogated on other grounds, Bass v. California Life Insurance Company,* 581 So.2d 1087 (Miss.1991). So, this court agrees with the defendants that, to the extent that the plaintiff's complaint may be interpreted to assert conspiracy against Billy Joe Ladd, Mississippi follows the rule that agents and employees of an insurer cannot be held accountable under a theory of conspiracy. *See also Allied Supply Company, Inc. v. Brown,* 585 So.2d 33, 36 (Ala.1991); *Massengill v. Malone Freight Lines, Inc.,* 538 So.2d 784, 787 (Ala.1988); and *Gruenberg v. Aetna Insurance Company,* 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032, 1038 (1973).

■ Moreover, this court also agrees with the defendants that any promise which might have been uttered by Billy Joe Ladd about the future performance of the policy outside the terms of the policy itself may be construed as a representation of future conduct which will not support recovery under a theory of negligent misrepresentation under Mississippi law. *Cockerham v. Kerr–McGee Chemical Corporation,* 23 F.3d 101, 104 (5th Cir.1994); and *Bank of Shaw v. Posey,* 573 So.2d 1355, 1360 (Miss.1990).

■ Therefore, as is asserted in the plaintiff's complaint, the defendant Billy Joe Ladd at all times pertinent was acting as the agent for Jefferson Pilot. As an agent acting for a known principal, Billy Joe Ladd is not liable for the acts of his principal absent malice or reckless disregard for the plaintiff's rights or any sepa-

rate and independent acts of negligence asserted in the plaintiff's complaint.

## FIDUCIARY DUTY

 Under Mississippi law, there is no fiduciary relationship or duty between an insurance company and its insured in a first party insurance contract. *Gorman v. Southeastern Fidelity Insurance Company*, 621 F.Supp. 33, 38, *aff'd*, 775 F.2d 655 (5th Cir.1985); *Equitable Life Assurance Society v. Weil*, 103 Miss. 186, 60 So. 133 (1912). Mississippi imposes a duty of good faith and fair dealing upon an insurance company only when it is in the position of a liability insurer and is contractually obligated to defend its insured from suit. *See State Farm Mutual Auto. Insurance Company v. Commercial Union Insurance Company*, 394 So.2d 890, 894 (Miss.1981). Otherwise, there simply is no fiduciary relationship between an insurer and insured in a first-party contract. *Burley v. Homeowners Warranty Corporation*, 773 F.Supp. 844, 860 (S.D.Miss.1990).

## CONCLUSION

Therefore, having reviewed the respective briefs of the parties and finding no basis for a claim against the defendant Billy Joe Ladd, the non-diverse defendant in this cause, this court hereby dismisses the plaintiff's complaint against this defendant and denies the motion of the plaintiff to remand this case to the Circuit Court for the First Judicial District of Hinds County, Mississippi.