# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-CT-01505-SCT

*VICTORIA LEASY*

*v.*

*SW GAMING, LLC d/b/a HARLOW'S CASINO*

### ON WRIT OF CERTIORARI

DATE OF JUDGMENT:                        09/03/2019
TRIAL JUDGE:                             HON. W. ASHLEY HINES
TRIAL COURT ATTORNEYS:                   YANCY B. BURNS
                                         BLAKE DAMON SMITH
                                         DALE GIBSON RUSSELL
COURT FROM WHICH APPEALED:               WASHINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:                  YANCY B. BURNS
ATTORNEYS FOR APPELLEE:                  BLAKE DAMON SMITH
                                         DALE GIBSON RUSSELL
                                         LAWRENCE DILLON KING, III
NATURE OF THE CASE:                      CIVIL - PERSONAL INJURY
DISPOSITION:                             THE JUDGMENT OF THE COURT OF
                                         APPEALS IS REVERSED. THE JUDGMENT
                                         OF THE WASHINGTON COUNTY CIRCUIT
                                         COURT IS REINSTATED AND AFFIRMED -
                                         03/17/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This certiorari case concerns dismissal of a complaint for failure to prosecute. Victoria

Leasy filed a complaint in the Washington County Circuit Court after she allegedly slipped

and fell in her hotel room's bathroom at Harlow's Casino. The circuit court granted the

motion to dismiss filed by SW Gaming LLC d/b/a Harlow's Casino, and on appeal, the Court

of Appeals reversed the judgment of the circuit court and remanded the case. Finding that the Court of Appeals reweighed the evidence and substituted its own findings for those of the circuit court, we reverse the judgment of the Court of Appeals. We reinstate and affirm the judgment of the circuit court, and we reaffirm the controlling abuse-of-discretion standard of review in such cases.

## FACTS AND PROCEEDINGS BELOW

¶2.     The following facts are taken verbatim from the circuit court's order:

> On or about June 20, 2014, the Plaintiff, Victoria Leasy ("Leasy"), was allegedly injured when she slipped and fell in the bathroom of a hotel room located at Harlow's Casino. As a result of her injuries, Leasy filed her complaint in this cause on March 13, 2017.

> On April 3, 2017, the answer was timely filed. That same day, the Defendant filed a notice of service of the Defendant's First Set of Interrogatories to Plaintiff, Defendant's First Set of Request for Production to Plaintiff, and Defendant's First Set of Requests for Admissions to Plaintiff.

> On May 1, 2017, an agreed order was entered substituting SW Gaming, LLC, as the Defendant in place of Churchill Downs Incorporated. The complaint named Churchill Downs Incorporated as the Defendant. At the time of the alleged injury, Harlow's Casino was owned by SW Gaming, LLC.

> On May 2, 2017, Leasy sent the Defendant the Plaintiff's First Set of Interrogatories and Requests for Production of Documents Propounded to Defendant, SW Gaming, LLC. No further action was taken in this case until the Defendant filed the present motion on May 31, 2019.

> Leasy claims that she had good cause for her delay in prosecuting this case. Leasy claims that during the period of delay she was making a good faith effort to ascertain the amount in controversy. She claims that the causation of her alleged injury was complicated by the fact that she was involved in a motor vehicle collision on August 8, 2015, that the collision may have exacerbated or worsened her pre-existing condition. According to Leasy, the last invasive medical procedure she had was on August 8, 2018. The last medical record provided to the Court was from October 1, 2018. Leasy admits that her

2

treatment has stalled and her prognosis is unknown. Leasy further claims that the delay in this case has not prejudiced the Defendant.

The Defendant refutes this claim and argues that memories and physical evidence have gone stale. The Defendant claims that it has little to no evidence regarding Leasy's accident, other than its post-incident report. The three employees who [were] working at the time of the alleged accident and had knowledge of the accident are no longer employed by the Defendant.

As to Leasy's claim that the delay was caused by her good faith attempt to ascertain her damages, on April 20, 2017, Leasy admitted in her response to the Defendant's First of Request for Admissions that the total alleged damages did not exceed $75,000.00. As noted above, the last medical record provided was from October 1, 2018, and Leasy admitted that her treatment has stalled and her prognosis is unknown. Yet, Leasy did nothing to move her case once her medical treatment stopped. After May 1, 2017, the only action taken by Leasy in this case has been in reaction to the Defendant's motion to dismiss.

¶3. During the hearing on the SW Gaming's motion to dismiss, Leasy's attorney "offered to bear the expense for the preparation of a medical-records summary to assist SW Gaming in learning the substance of the voluminous medical records. Further, Leasy's attorney offered to pay the cost of a private investigator to locate any witnesses who were no longer employed at the casino." *Leasy v. SW Gaming, LLC*, No. 2019-CA-01505-COA, 2021 WL 345797, at *1 (Miss. Ct. App. Feb. 2, 2021).

¶4. In considering whether the case presented a clear record of dilatory or contumacious conduct on the part of Leasy, the trial court specifically found that

Leasy waited almost three years after her alleged accident to file this cause of action. She then took no action to move this case from May 1, 2017 until June 18, 2019, even though she admits her medical treatment for her injury has stalled. The Court finds this inaction shows dilatory and contumacious conduct on the part of the Plaintiff. The Court further finds that the most recent actions taken by Leasy in this case were reactionary to the Defendant's Motion to Dismiss and not made in a proactive attempt to move this case.

3

Regarding whether lesser sanctions would better serve the interest of justice, the trial court determined that "the imposition of lesser sanctions would not sufficiently cure the prejudice caused by the delay in this case and the appropriate sanction is dismissal with prejudice."

¶5.     Aggrieved by the circuit court's ruling, Leasy appealed. The Court of Appeals reversed the trial court's judgment and remanded the case. The Court of Appeals found that Leasy's delay was excusable, that SW Gaming failed to prove it suffered actual prejudice from the delay, and that lesser sanctions were more appropriate than a dismissal. *Leasy*, 2021 WL 345797, at *5. SW Gaming filed a petition for writ of certiorari, arguing 1) that the Court of Appeals failed to apply the correct standard of review, 2) that Leasy's two-year delay alone justified dismissal, 3) that SW Gaming was not required to prove it was prejudiced by the delay, 4) that lesser sanctions would not cure the prejudice caused by Leasy's delay, and 5) that the Court of Appeals improperly adopted counsel's argument as record fact to excuse Leasy's delay. We granted the petition.

**ANALYSIS**

¶6.     The Court of Appeals correctly stated the standard of review in failure-to-prosecute cases: "In reviewing a trial court's dismissal for failure to prosecute pursuant to Rule 41(b),[1] this Court will reverse only if it finds the trial court abused its discretion." *Leasy*, 2021 WL 345797, at *2 (internal quotation marks omitted) (quoting *Cox v. Cox*, 976 So. 2d 869, 874 (Miss. 2008)). However, instead of applying the abuse-of-discretion standard, the Court of Appeals performed its own de novo review, abandoning the requisite deference to

---

[1] Rule 41(b) of the Mississippi Rules of Civil Procedure.

4

the trial court's decision.

¶7.     In *Nunnery v. Nunnery*, this Court discussed the abuse-of-discretion standard of review:

> Black's Law Dictionary defines "abuse of discretion" as "An appellate court's standard for reviewing a decision that is asserted to be grossly unsound, unreasonable, illegal, or unsupported by the evidence." *Abuse of Discretion*, Black's Law Dictionary (10th ed. 2014). The reviewing court should not reverse a discretionary finding by the lower court unless it comes to a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors." *Plaxico v. Michael*, 735 So. 2d 1036, 1039 (¶ 11) (Miss. 1999) (quoting *Cooper v. State Farm Fire & Cas. Co.*, 568 So. 2d 687, 692 (Miss. 1990)).
>
> > When we say that the trial court has discretion in a matter, we imply that there is a limited right to be wrong. At the very least the statement imports a view that there are at least two different decisions that the trial court could have made each of which on appeal must be affirmed. Indeed, if there are not at least two possible affirmable decisions, by definition the trial court is without discretion.
>
> *Burkett v. Burkett*, 537 So. 2d 443, 446 (Miss. 1989). In a review for abuse of discretion, the appellate court will "consider whether the decision was one of those several reasonable ones which could have been made." *Id.* "A finding of abuse of discretion absent a definite and firm identification of clear error violates time-honored standard-of-review principles." *Ferguson v. Univ. of Miss. Med. Ctr.*, 179 So. 3d 1060, 1067 (¶ 31) (Miss. 2015).

*Nunnery v. Nunnery*, 195 So. 3d 747, 752 (Miss. 2016).

¶8.     Mississippi Rule of Civil Procedure 41(b) allows a defendant to move to dismiss an action or claim "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of [the] court[.]" Miss. R. Civ. P. 41(b). The trial court may also dismiss an action even in the absence of a motion by the defendant, because "[t]he power to dismiss for failure to prosecute is an inherent power in any court of law or equity and has been regarded as a

5

means necessary to control the court's docket and promote the orderly expedition of justice." *SW 98/99, LLC v. Pike Cnty.*, 242 So. 3d 847, 853 (Miss. 2018) (alteration in original) (internal quotation marks omitted) (quoting *Watson v. Lillard*, 493 So. 2d 1277, 1278 (Miss. 1986)).

¶9. In its holding, the Court of Appeals made no finding that the trial court's decision was not supported by substantial evidence or was clearly erroneous in granting the Rule 41(b) motion to dismiss. The Court of Appeals, which appeared to disagree with the trial court's decision, simply adopted Leasy's arguments and substituted those for its own findings. The trial court had previously heard and considered Leasy's counsel's arguments detailing Leasy's excuses and had rejected them, finding no proof to support those arguments.

¶10. Nor did the Court of Appeals follow our precedent on Rule 41(b) dismissals. In *Holder v. Orange Grove Medical Specialties, P.A.*, 54 So. 3d 192, 201 (Miss. 2010), this Court reversed a decision of the Court of Appeals for nearly identical reasons. In *Holder*, the plaintiffs asserted that the trial court abused its discretion in dismissing their case for want of prosecution. *Id.* at 196. On appeal, the Court of Appeals "reversed the trial court, finding that there was no actual or presumptive prejudice to the defendants and that no aggravating factors were present." *Id.* This Court granted certiorari, and in a six-to-three decision, reversed the Court of Appeals' judgment and reinstated the judgment of the trial court. *Id.* at 194, 201. In that case, the plaintiffs had "allowed the case to languish on the docket without any activity for more than a year." *Id.* at 199. Under those circumstances, this Court agreed with the Court of Appeals' determination "that the trial court did not abuse its

6

discretion in finding that a clear record of delay existed . . . ." *Id.* Yet, although this Court

agreed with that aspect of the Court of Appeals' decision, it "respectfully f[ound] that the

court erred when it continued in the analysis and found that the defendants were not

prejudiced by the delay and that the absence of an aggravating factor warrants reversal of the

trial court's judgment." *Id.* In so holding, this Court emphasized that "'[d]elay *alone* may

suffice' for a dismissal pursuant to Rule 41(b)." *Id.* (quoting *Cox*, 976 So. 2d at 875). "When

there is a clear record of delay, no showing of contumacious conduct is necessary." *Id.*

(citing *Hine v. Anchor Lake Prop. Owners Ass'n*, 911 So. 2d 1001, 1005 (Miss. Ct. App.

2005)). According to this Court, while "'aggravating factors' or actual prejudice may bolster

the case for dismissal, [they] are *not requirements*." *Id.* at 197 (emphasis added). This Court

further stated that "[w]e . . . may consider whether the plaintiffs' activity was reactionary to

the defendants' motion to dismiss, or . . . was an effort to proceed in the litigation." *Id.* at

198 (citing *Hillman v. Weatherly*, 14 So. 3d 721, 727 (Miss. 2009)). This Court held that

> This Court may uphold a Rule 41(b) dismissal when there has been a showing of "delay or contumacious conduct" by the plaintiff and a finding that lesser sanctions would not suffice. Delay alone is sufficient to warrant a dismissal; the Court of Appeals erred in reversing the trial court based on the absence of an aggravating factor present in today's case. Aggravating factors may be considered by the trial court when determining whether dismissal is an appropriate sanction, but they are not requirements; delay alone may be sufficient to warrant a dismissal. Prejudice may be presumed from this delay. Finally, in light of the dilatory conduct present in this case, lesser sanctions would not better serve the interests of justice.

*Id.* at 201.

¶11.    Likewise, in this case, there was an undeniably clear record of delay in prosecuting

the case, which alone is sufficient to warrant a dismissal.  And Leasy's activity following the

7

filing of SW Gaming's motion to dismiss implicated consideration of "whether the plaintiffs' activity was reactionary to the defendants' motion to dismiss, or . . . was an effort to proceed in the litigation." *Id.* at 198 (citing *Hillman*, 14 So. 3d at 727). Rather than following our precedent that prejudice may be inferred, the Court of Appeals opined that SW Gaming must not have suffered actual prejudice because it "failed to prove actual prejudice and could only speculate as to the possibility." *Leasy*, 2021 WL 345797, at *5. Additionally, the Court of Appeals adopted, as fact, the argument of Leasy's counsel that Leasy's continued medical treatment and insurance issues that hindered her treatment were an excusable delay and that lesser sanctions would have better served the interests of justice. In this case, the trial judge considered Leasy's excuses for the delay and counsel's proffered remedies. The trial court rejected Leasy's excuses and dismissed the case, finding that lesser sanctions would not suffice. These findings were supported by the record and were not clearly erroneous.

¶12.    These actions, coupled with the principle that a showing of contumacious conduct, aggravating factors, and/or actual prejudice are not prerequisites to dismissal under Rule 41(b) (although there is clear evidence of actual prejudice here, as found by the trial court), lead this Court to the same result. Thus, the Court of Appeals erred by reversing the trial court's judgment.

## CONCLUSION

¶13.    The Court of Appeals did not find that the trial court "committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors." *Nunnery*, 195 So. 3d at 752 (internal quotation mark omitted) (quoting *Plaxico*, 735 So. 2d at 1039). Given

8

the length of delay, prejudice is presumed under *Holder* and our precedent. Instead of presuming prejudice based on the length of delay as in *Holder* or by affording the trial court deference in its finding of actual prejudice, the Court of Appeals ignored the applicable abuse-of-discretion standard of review and reweighed the evidence, substituting its judgment for that of the trial court. As a result, the Court of Appeals' opinion directly conflicted with prior appellate decisions and must be reversed.

¶14.  **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED.**

  **COLEMAN, MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.  KING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, P.J.  BEAM, J., NOT PARTICIPATING.**

  **KING, PRESIDING JUSTICE, DISSENTING:**

¶15.  Because the trial court abused its discretion by dismissing this case for failure to prosecute, I dissent and would reverse the trial court's decision.  While I do not agree fully with the specific reasoning used by the Court of Appeals, I believe it reached the correct outcome.

¶16.  This Court reviews an involuntary dismissal pursuant to Mississippi Rule of Civil Procedure 41 for abuse of discretion: "[b]ecause the law favors a trial of the issues on the merits, a dismissal for lack of prosecution is employed reluctantly." *Holder v. Orange Grove Med. Specialties, P.A.*, 54 So. 3d 192, 196 (Miss. 2010) (internal quotation marks omitted) (quoting *Miss. Dep't of Human Servs. v. Guidry*, 830 So. 2d 628, 632 (Miss. 2002)).

> [T]his Court also must consider whether lesser sanctions would suffice. We also are "mindful of the fact that 'dismissal with prejudice is an extreme and

harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases.'"

***Holder***, 54 So. 3d at 197 (citations omitted).

¶17.   Victoria Leasy was allegedly injured at Harlow's Casino on or about June 20, 2014. She filed her complaint on March 13, 2017, well within the three-year statute of limitations provided by the Legislature.  Miss. Code Ann. § 15-1-49 (1) (Rev. 2019).

> The three most recognized policies supporting statutes of limitations are that: (1) statutes of limitations encourage the reasonably diligent presentation of claims; (2) statutes of limitations promote the just and efficient adjudication of claims; and (3) statutes of limitations provide repose, or peace of mind, to the defendant after a set period of time.

Adam Bain & Ugo Colella, *Interpreting Federal Statutes of Limitations*, 37 Creighton L. Rev. 493, 571 (2004).  Indeed, "[a]lthough any statute of limitations is necessarily arbitrary, the length of the period allowed for instituting suit inevitably reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones."  ***Johnson v. Ry. Express Agency, Inc.***, 421 U.S. 454, 463–64, 95 S. Ct. 1716, 44 L. Ed. 2d 295 (1975).  The Legislature has clearly determined that, for cases such as Leasy's, filing a claim within three years is sufficiently diligent and sufficiently promotes the just and efficient adjudication of negligence claims.

¶18.   In this case, the trial court abused its discretion by supplanting its judgment for that of the Legislature's in finding that Leasy was dilatory by filing her complaint within the time prescribed by the Legislature.  The trial court made a determination that Leasy was dilatory in part because of when (within the statute of limitations) Leasy filed her complaint.  In its

order, the trial court emphasized that "Leasy waited almost three years after her alleged accident to file this cause of action" in its determination of "whether the case presents a clear record of dilatory or contumacious conduct on the part of the plaintiff." Thus, the trial court held against Leasy actions that the Legislature has already specifically determined are *not* dilatory or contumacious; the timing of Leasy's complaint fell within the time period prescribed by the statute of limitations that the Legislature has determined is appropriate for this type of lawsuit. The trial court's finding of delay cannot be divorced from its reliance on and criticism of the timing of Leasy timely filing her complaint. The trial court's finding of delay with such inappropriate reliance on a complaint's being filed within the statute of limitations, but not enough within it to satisfy the trial court's sensibilities, was an abuse of its discretion.

¶19.    Further, SW Gaming and the trial court rely on the assertion that, as stated by the trial court in its order dismissing the case, "[t]he three employees who [were] working at the time of the alleged accident and had knowledge of the accident are no longer employed by [SW Gaming]." Yet nothing in the record indicates w*hen* or under what circumstances the employment of these three employees ended; thus, nothing in the record indicates that any delay on Leasy's part impacted their availability. Their employments may have ended on June 21, 2014, or at any other time within the statute of limitations period. SW Gaming may have chosen to end their employment. Furthermore, the record does not indicate that these employees cannot be located despite no longer being employed by SW Gaming. Indeed, Leasy's counsel offered to hire a private detective to locate these employees. The trial court

11

adopted SW Gaming's generalized arguments regarding prejudice that "the delay in this case has caused evidence to go stale and made locating witnesses difficult." Yet no evidence exists to support that the witnesses were difficult to locate, and the plaintiff offered to hire a private investigator to locate them, a reasonable lesser sanction. And no specific evidence exists to support the general claim that evidence had gone stale. The trial court therefore abused its discretion by making findings that were not supported by the evidence.

¶20. The trial court also failed to consider that SW Gaming wholly failed to respond to discovery propounded on it on May 2, 2017, a delay of more than two years, despite the trial court's findings and SW Gaming's arguments that Leasy was dilatory by partially failing to respond to discovery. "This Court also has recognized that a defendant's own dilatory conduct may be considered when dismissing an action." *Holder*, 54 So. 3d at 198 (citing *Salts v. Gulf Nat'l Life Ins. Co.*, 872 So. 2d 667, 670 (Miss. 2004)).

> [I]n deciding to impose a drastic sanction as dismissal, the defendant's own dilatory conduct may become a relevant and mitigating factor if deemed outside the realm of reasonableness and acceptability; such considerations should be made on an *ad hoc* basis. In other words, nothing in this opinion may be construed as holding defendants ultimately responsible for expedition of litigation; this responsibility is primarily the plaintiff's. This opinion may be construed simply as holding that a defendant's own procrastination becomes relevant only when the plaintiff's procrastination is being characterized (by the defendant) as unacceptable. This is analogous to the "clean hands" doctrine: "[N]o person as a complaining party can have the aid of a court ... when his conduct with respect to the [matter] in question has been characterized as wilful inequity." *O'Neill v. O'Neill*, 551 So. 2d 228, 233 (Miss. 1989). *Such conduct compromises judicial integrity and cannot be tolerated.*

*Palmer v. Biloxi Reg'l Med. Ctr., Inc.*, 564 So. 2d 1346, 1370 (Miss. 1990) (second and third alterations in original).

12

¶21.  In light of the notion that dismissal of a case should be employed reluctantly and only in the most egregious cases, the trial court abused its discretion by basing a finding of delay in part upon the time between the alleged injury and the filing of a complaint within the time prescribed by the statute of limitations, by relying on facts without evidentiary support, and by failing to address SW Gaming's own dilatory conduct.  I consequently dissent and would reverse the trial court's judgment dismissing the case.

**KITCHENS, P.J., JOINS THIS OPINION.**